### WILL HOOD v. THE STATE.

*No. 967.    Decided March 18th, 1896.*

**1.  Local Option—What Constitutes a Sale.**

Where a party purchases whiskey for a friend, with money furnished by the latter, this does not constitute the former the seller of the whiskey where he is not interested in making the sale or acting as agent for the seller of the liquor.

**2.  Same—Agent of Purchaser.**

That subterfuges are, or may be, resorted to in local option precincts, will not authorize the conviction of a party acting as agent of the purchaser unless, in so acting, he is interested in the sale or is assisting the seller in some way in procuring such sale. It is the seller and not the purchaser who is liable under the law.

**3.  Same—Charge.**

On a prosecution, by information, for violating local option in Precinct No 2, of the county, a charge, excepted to, is erroneous which authorizes a conviction if the sale occurred "in a local option precinct in said county," since, under the information the defendant could only be legally convicted for such sale in Precinct No. 2.

APPEAL from the County Court of Parker.    Tried below before Hon.
J. L. L. McCALL, County Judge.

This appeal is from a conviction for a violation of local option, the
punishment assessed being a fine of $25 and twenty days' imprisonment
in the county jail.

The opinion states the case.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was charged with selling intoxicat-
ing liquor to one Parker, in Precinct No. 2 of Parker County, the local
option law being in force in said precinct.    The evidence discloses that
Parker stated to the appellant that he was feeling unwell and wanted a
"dram," and asked appellant if he could secure it for him.    Being
answered in the affirmative, he gave appellant twenty-five cents with
which to pay for the whiskey.    Appellant, after being gone about fifteen
minutes, returned, and handed Parker a small flask of whiskey.    Appellant
testified that upon receiving Parker's money, as an act of friendship to
Parker, he secured a prescription from his family physician, for himself,
for whiskey, and purchased same on said prescription, paying the identi-
cal money therefor given him by Parker.    He further testified that he
was and had been sick for some time; that he owned no whiskey and had
never sold any whiskey in his life; that he purchased the whiskey in
question for Parker; that he did not make a cent on the transaction;
that he had no interest in the sale or purchase of the same, but that he
made the purchase simply for his friend.    The jury were charged that
if appellant, "in a local option precinct, in order to avoid the operation
of the local option law, and in order to aid W. A. Parker in pro-
curing intoxicating liquor in violation of the local option law in said
district, did receive money from said W. A. Parker for the purpose
of procuring intoxicating liquor in violation of said law, and did pro-
cure said intoxicating liquor by paying said money so furnished, and
did furnish the said intoxicating liquor to said W. A. Parker, the de-
fendant would be guilty."    This charge was excepted to, and charges
requested to the effect that if appellant purchased or procured the
whiskey for Parker, and did not sell it to him, and was not acting as
agent of the seller, but secured it solely as an act of friendship to
Parker, and received nothing in exchange for the whiskey, he should be
acquitted.    We are of the opinion that the court's charge authorized the
conviction upon a state of case which should have required his acquittal.
It is the seller who violates this law, not the purchaser.    That subter-
fuges are or may be resorted to in local option precincts will not
authorize the conviction of a party acting as agent of the purchaser,
unless, in so acting, that party is interested in such sale, or is assisting
the seller, in some way, in procuring such sale.    Under the state of
case charged by the court, the jury should have been instructed to
acquit.    Again, this charge authorized the conviction if the sale occurred

"in a local option precinct in said county." This was also excepted to by appellant, because the violation was alleged to have occurred in Precinct No. 2, and appellant could have only been convicted for violating the law in said precinct. This charge, we think, was error. If appellant bought the whiskey for Parker on a prescription, or without it, he did not sell it, provided he was not interested in such sale, and was not acting for the seller in procuring the sale. As presented by this record, we do not think the evidence justifies the conviction. The judgment is reversed and the cause remanded.

*Reversed and remanded.*