### TOM WRIGHT V. THE STATE.

*No. 789.    Decided March 18th, 1896.*

**Local Option—What Constitutes a Sale of Liquor.**

On a prosecution for selling intoxicating liquor in violation of local option, where the evidence was, that a party met defendant and asked him if he could get him some wkiskey, and upon defendant's replying, that he thought he could, he handed defendant the money, and defendant went off in the direction of a drug store, and shortly thereafter returned and handed the party the whiskey. There being no evidence that defendant was a druggist, or had a place of business at which whiskey was kept, or that he had whiskey for sale. Held: This did not constitute the defendant the seller of the whiskey, which he might simply have purchased from some other person, unless it was further shown that he acted for such other person in the sale, and as such agent sold or assisted in the sale of the liquor.

APPEAL from the County Court of Erath. Tried below before Hon. THOS. B. KING, County Judge.

This appeal is from a conviction for a violation of local option, the punishment assessed being a fine of $25, and twenty days' imprisonment in the county jail.

The opinion states the facts.

*W. J. Oxford,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of a violation of the local option law, then in force in Precinct No. 2 of the County of Erath, and prosecutes this appeal. The testimony shows that, on the day of alleged sale by the appellant, one Lee Gee, the alleged purchaser, was in the town of Dublin, and met the appellant in front of McCain Trading Company's storehouse, and asked him if he could get him some whiskey. The defendant stated, in reply, that he thought he could, whereupon Gee gave him fifty cents in money, and the defendant went off up the street, in the direction of the Dublin drug store, which was about fifty yards north from where they were standing. He went into said drug store, and in a short time came out, and returned to the witness, and they together walked down the street in the rear of a storehouse to an old building that had been burned, and there the appellant handed him the whiskey. It was generally understood, the witness stated, that the defendant could get whiskey for persons wanting it, and that was the reason the witness called upon him. Witness further testified that the whiskey that he got was sold in that quantity at fifty cents, the amount of money that he had given the appellant. If the appellant was in the liquor business, it was unknown to the witness. In fact, he stated that he did not know what business the appellant was engaged in; that he knew no one else in this transaction, and did not know how he got the whiskey, nor from whom he got it; and the witness didn't ask appellant anything about it. He knew the Dublin Drug Company sold whiskey on prescription, and the appellant stated to him that he could get whiskey on prescription. This witness testified, on cross-examination, that he was a witness in quite a number of cases for violation of the local option law at Dublin; that he was in attendance on the grand jury at the last term of the court; that he went into Hindsman's saloon, in company with his brother-in-law, a minor, and he and the boy drank beer, in the presence of the bartender, and over the bar; that he went before the grand jury on the same day, and had the defendant indicted for selling liquor to a minor; that he was appointed deputy sheriff to serve an attachment on the minor, for the State, as a witness against Hindsman; that he went to Hindsman, and told him of these facts, and that he had sent the witness, who had gone to Comanche County, $2.50 to leave, and had sent him word to get out of the way, and that he knew the witness would get out of the way; that he did not

serve the process; that he went voluntarily to Hindsman, and made this statement; that he was indicted for killing Jackson's cattle, about a year prior to this; that, when these bills were presented against the defendant and others, he left Erath County, going first to Hood County, and thence to Somerville, and from there, his money being exhausted, he wrote to the parties against whom he was a witness, requesting them to send him money. Upon their refusal to comply with his request, he came back home, and was served with process to attend as a witness for the State in all of these local option cases, and is claiming his witness fees in each of the cases. He further stated that he was testifying in these matters under compulsion. The court charged the jury, if they believed the defendant guilty of selling the liquor to Gee, to convict him. On the evidence as detailed, the appellant asked special charges to be given to the jury, as follows: "If you believe, from the evidence, that the witness Lee Gee, in the precinct, county, and State, and at or about the time alleged in the information, went to the defendant, and gave him fifty cents in money, and requested the defendant to procure for him fifty cents' worth of whiskey, and that the defendant took the money, and went to the Dublin Drug Company, and purchased from said company fifty cents' worth of whiskey, and that the defendant then took said whiskey and delivered it to the witness Gee, you will find the defendant not guilty, unless you further believe that the defendant was acting with the Dublin Drug Company in the sale of the said whiskey, or was interested in the sale of said whiskey." He further requested the court to charge the jury, "That it is not an offense to buy intoxicating liquors in a local option precinct. If, therefore, you believe, from the evidence in this case, that the defendant purchased intoxicating liquor for Lee Gee, or acted as the agent of the said Gee in said purchase of the said intoxicating liquor, you will find the defendant not guilty. On the other hand, if you believe the defendant acted as the agent of the seller of the said intoxicating liquors, and as such agent he sold, or assisted in the sale, to the witness of intoxicating liquor, at the time and place alleged in the information, you will find the defendant guilty." These charges were refused, and exceptions reserved. We are of the opinion, when all of the circumstances are considered attending this transaction, that the requested instructions should have been given. There is no evidence that the appellant had whiskey for sale, that he was a druggist, or had a place of business at which whiskey was kept; and, as above stated, when all of the facts and circumstances are looked to, it is not unreasonable, at least, that appellant may have purchased, for Lee Gee, the whiskey for some other person. The testimony is that the usual quantity of whiskey was obtained for the money, and that it was very good whiskey. For the refusal of the court to give the special instructions asked, the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*