### TOM SULLIVAN v. THE STATE.

#### No. 2999.  Decided May 3, 1905.

**Local Option—Intoxicating Character of Liquor Must Be Proved.**

Before the local option law can be violated, there must be proof of a sale of intoxicating liquors, and proof of the sale of two bottles of beer was insufficient.

Appeal from the County Court of Bell. Tried below before Hon. W. R. Butler.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

*McMahon & Curtis,* for appellant.—Ex parte Gray, 83 S. W. Rep., 828.

*Howard Martin,* Assistant Attorney-General for the State.

DAVIDSON, PRESIDING JUDG.—The information charges generally that appellant sold to L. S. Ray intoxicating liquors, without specifying the character or kind, in violation of the local option law. The alleged purchaser testified, that he "bought two bottles of beer from him (appellant) and paid him 25 cents for the same." He further stated that he bought the beer for some women because they desired him to do so. These women were strangers to witness. Appellant's contention that the evidence does not show a violation of the law, in that it fails

to establish that the beer bought was intoxicating liquor, is well taken. Before the local option law can be violated, there must be proof of a sale of intoxicating liquors.

The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*