JOHN HAMILTON, JR., v. THE STATE.

No. 4320.   Decided December 27, 1916.

Rehearing granted February 7, 1917.

**Local Option—Agency—Charge of Court.**

Where, upon trial of a violation of the local option law, the evidence showed that the defendant procured the whisky for a friend upon the latter's request, paying for it with the latter's money, and there was no evidence in the case that the defendant acted for the seller, but the testimony showed that he was acting as the agent of the purchaser in obtaining the whisky from the seller, a charge of the court authorizing the jury to convict if defendant acted as agent of the seller in transferring or carrying the whisky to the alleged purchaser, is reversible error. Prendergast, Judge, dissenting.

Appeal from the County Court of Newton. Tried below before the Hon. W. E. Gray.

Appeal from a conviction of a violation of the local option law; penalty, a fine of twenty-five dollars and twenty days confinement in the county jail.

The opinion states the case.

*Forse & Ferguson,* for appellant.—On question of the court's charge: Harris v. State, 49 Texas Crim. Rep., 233; Givens v. State, 49 Texas Crim. Rep., 267; Gaston v. State, 102 S. W. Rep., 116; Grigsby v. State, 142 S. W. Rep., 901; Brewster v. State, 65 Texas Crim. Rep., 464.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for making an illegal sale of liquor in said county, a misdemeanor. and assessed the lowest punishment.

The sale is alleged to have been made by appellant to Joe Pierce. Pierce testified that on or about the date alleged, he asked appellant if he could get him some whisky, and he said that he could. Pierce then gave him a dollar in Kirby Lumber Company's checks, which he said Loomer Harrison had turned over to him to get the whisky for him with. That he, Pierce, got it for, and when he got it delivered it to, said Harrison. Further, that appellant took the check, went out and got in his father's car and was gone about fifteen minutes when he returned, walked up behind him and put a pint bottle of whisky in his pocket. Worth Roberts, another witness, testified substantially to the same thing.

Victor Hughes, for appellant, testified that he heard Pierce ask appellant if he had any whisky. Appellant replied he did not, but that he could get some. That Pierce gave him the said dollar in checks, and he got in his father's car, drove off about a quarter of a mile to a negro house, he going with him, where appellant said he was going to buy Pierce some whisky. That it was night, and they drove up in front of a gate. Appellant got out, went in the house, was in the house only a few minutes and returned. He said he had the whisky. "I did not see the whisky and did not see John buy it." Appellant's father testified that, on the occasion stated, appellant and Hughes came to his car, when his son asked him for his car a few minutes and said he wanted to go get Pierce some whisky down in the negro quarter, and that he loaned him the car, and that he and Hughes went off together in it. He did not see him for some time afterwards. That there was no whisky in his car, and appellant had none, for he had been in the car with him the biggest part of that afternoon. Appellant himself testified that Pierce on said occasion asked him if he could get him some whisky, and he told him that he would try. That he thought he knew where he could get it, and Pierce gave him a dollar in checks. That he and Hughes borrowed his father's car, went down

in the negro quarter to a place where he had been buying whisky from a negro, whose name he did not know, but described him as a long, tall cross-eyed negro, who was in a certain house. That they drove up in front of the gate. He got out, went in, knocked at the door, and the negro came to the door and asked him what he wanted, and he told him: "I wanted some whisky or wanted to buy some whisky." The negro invited him in, and he went in through the front room, where some negro women were sitting, whom he did not know, and who remained in that room; and when he got in the back room the negro opened a trunk and gave him a pint of whisky, and he gave the negro said dollar in checks. That he took the whisky back and gave it to Pierce. That he had no interest in the sale of the whisky and never made any profit on it, was only acting as a friend of Pierce in helping him to get the whisky. That the reason he knew where to get the whisky was that he had bought whisky there several times before. "I had been driving the car before that, and the first time I knew I could get whisky there I drove a car there with another party and he bought some whisky from this darkey, was the way I came to find out he was selling whisky." That, after that, he sent several other parties to the same negro to buy whisky, and he himself bought it from him several times after that. That the last he bought was for Pierce on said occasion. He did not know the negro's name. That he was in no way connected with the sale of the whisky no further than to help Pierce get it. That he had not seen the negro since that night.

The court in his charge properly stated the case, and that appellant plead not guilty. He stated what the law was and the penalty for making a sale. He then submitted the case to the jury for a finding. In his charge he told the jury that if the defendant at the time and place alleged did unlawfully sell intoxicating liquors to Pierce as charged, to find him guilty and assess his penalty. He then gave the converse of the proposition and that if they did not so believe beyond a reasonable doubt to acquit him.

The court then gave this charge: "You are further charged that the statute has reference to the actual sale to the person buying from the alleged seller, whether he purchased for the use of some other person, or as an agent. The sale is consummated by him. He is the buyer. The sale is to him, although it may be for the use of some other person, and with some other person's money." And thereupon further told the jury that if they believed from the evidence beyond a reasonable doubt that appellant on or about the date alleged sold intoxicating liquors to Pierce, to find him guilty, even though you may find from the evidence that said Harrison or some other person furnished the purchase price of the same and that the whisky was intended for Harrison or some other person and subsequently delivered to him by said Pierce. The appellant objected to the paragraph above quoted on the ground that it was not called for by the testimony, not applicable to the case and prejudicial and calculated to mislead the jury. Appel-

lant's contention can not be sustained. The paragraph objected to states a correct legal proposition and, as followed in the charge by the next paragraph stated, was strictly in accordance with the question raised by the testimony and was applicable to the case. The statement of the testimony above clearly shows that it was the law of the case on the subject raised by and applicable to the testimony.

Following in another paragraph, he told the jury correctly what was a sale within the meaning of the law, which has many times been approved by this court, and further therein that in determining whether a sale has been made, the jury will view the parties in the light of buyer and seller as explained, and from that standpoint determine whether any property had been parted with, and if so, was it for a valuable consideration, and a sale may be shown by direct proof, or it may be shown by facts and circumstances; and followed that with this paragraph: "You are charged further, as a part of the law, that if one person acts as the agent of another in selling any intoxicating liquors, or in making a sale of any intoxicating liquor, then such person so acting as the agent of and for such other person in making such sale of intoxicating liquor would be guilty of selling intoxicating liquors, even though such person so acting for and as the agent of such other person made no profit on the transaction, and in this connection you are charged that if you believe from the evidence beyond a reasonable doubt in this case that John Hamilton, Jr., acting either for himself, or as the agent of some other person or persons as seller, sold intoxicating liquor to said Joe Pierce as alleged in the indictment, you will find him guilty, even though you may believe from the evidence that the defendant made no profit on the transaction." Appellant objected to this quoted paragraph on the same grounds as he objected to the one above, and claimed, further, that there was no testimony showing he was an agent of the seller or had any connection with the seller other than buying whisky from him.

Appellant's contention can not be sustained. The paragraph complained of announced a correct proposition of law applicable in the case and raised by the testimony.

The State had two theories. The first was that appellant's claim that he himself did not have and did not sell any whisky but went at the instance of Pierce and bought it from an unknown negro, was untrue. That as a matter of fact, it was his whisky, and he had it staked out somewhere and went and got it and delivered it to Pierce for the said one dollar in checks. We think the testimony circumstantially justified the jury to believe this theory of the State, and the charge given was peculiarly apt and applicable thereto.

The State's other theory was that if, as a matter of fact, the whisky did not belong to appellant and he went and procured it from the negro, he was acting as the agent of the negro and as such made the said sale to Pierce. We think the testimony circumstantially was sufficient to justify the jury to convict him on this theory. So that whether he

was convicted on one or the other of these theories is immaterial. As said by this court in Guild v. State, 187 S. W. Rep., 215: "It is the general principle of law that the person who actually commits a crime shall be punished therefor, whether he be acting on his own initiative or is an agent for a principal, and especially is this true in misdemeanor cases, as in this case."

The court gave appellant's special charge presenting his theory and contention in the case, telling the jury: "That if you believe from the evidence that the defendant, John Hamilton, Jr., received the money or check from Joe Pierce for the purpose of going off and purchasing whisky for Joe Pierce from some other party and did purchase it from some other party for Joe Pierce, you will acquit the defendant, or if you have a reasonable doubt as to this fact, you will acquit him."

Evidently the jury did not believe appellant's contention, but did believe that of the State.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

February 7, 1917.

DAVIDSON, Presiding Judge.—On a previous day of the term the judgment herein was affirmed. Motion is made for a rehearing for the reasons set out in the motion. There is at least one question suggested on rehearing we think should be decided favorably for, appellant. It is unnecessary to recite the evidence as it is sufficiently stated in the original opinion.

It will be observed, among other things stated by the witnesses, that defendant went to a certain negro's house to obtain whisky for the alleged purchaser. It is shown that appellant got the whisky for the friend who requested him to secure it and took it to him, paying for it with money given by his principal. If it was appellant's whisky that was transferred to the purchaser, this would constitute him the seller, but if he acted as agent for the purchaser he would not be guilty of selling it. The court charged the jury that if appellant was the agent of the seller he would be guilty. This might be the law under a proper state of facts, but there is no evidence in the case that he acted as agent for the negro in selling but was the agent of the purchaser in obtaining the whisky from the negro. Under these circumstances the court erred in authorizing the jury to convict appellant if he acted as agent of the seller in transferring or carrying the whisky to the alleged purchaser. This issue is not raised by the testimony, and, therefore, could not authorize a conviction. This was error.

The motion for rehearing is granted, the affirmance set aside, and the judgment reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, Judge.—The question now made the basis of reversal was thoroughly considered by the full court as then constituted

when the original opinion was handed down and concurred in by all members. The· case was then· correctly affirmed. I dissent from its reversal now.