## WILL JOHNSON v. THE STATE.

### No. 4340.   Decided April 4, 1917.

**1.—Occupation—Intoxicating Liquors—Local Option—Beer.**

Where defendant was charged with and convicted of the offense of unlawfully pursuing the business of selling intoxicating liquors in local option territory, and raised the issue that it was not shown that the beer he sold was an intoxicating liquor, but the circumstances showed that he sold the alleged beer by engaging in the business of selling the same, and that it was of an intoxicating variety, the conviction is sustained, without reference to the conflicts in our decisions, as to whether it must be shown that beer is intoxicating liquor where a single sale is made.

**2.—Same—Agency—Insufficiency of the Evidence—Charge of Court.**

Where, upon trial of unlawfully pursuing the occupation of selling intoxicating liquor in local option territory, the evidence did not raise the issue of agency, there was no error in the court's failure to submit the same. Following Hamilton v. State, 191 S. W. Rep., 1160.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. L. Crawford, Jr.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquor in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*McCutcheon & Church,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was indicted and convicted of the offense of unlawfully pursuing the business of selling intoxicating liquors, and his punishment assessed at two years confinement in the State penitentiary.

The indictment charged that the sales were made to two persons named in the indictment. There was evidence that there were hidden about his premises forty-one quarts of beer with ice in a barrel. It appears that these sales were made on Sunday at various times and that the beer found on the premises was on Saturday night.

Appellant seeks to set aside the conviction on the ground that it was not shown that the beer was an intoxicating liquor. This question is raised by exceptions to the charge and to the sufficiency of the evidence and the refusal of special charges.

The word *beer,* as defined in the dictionaries, has a primary and a

secondary meaning. Primarily it is an intoxicating liquor; secondarily, it refers to various other kinds of beer, such as root beer and persimmon beer. Black on Intoxicating Liquors, p. 19; Williams v. State, 77 S. W. Rep., 597. By many of the courts of other States it has been held that where the word beer is used without restrictive words accompanying it or descriptive of it, it denotes an intoxicating malt liquor. Rochester v. State, 109 Pac. Rep., 298. See Words & Phrases (2nd series), p. 417. It has been held in this State in a number of cases that where the proof showed a sale of beer and there was no evidence that it was an intoxicating liquor, the conviction for violating the local option law prohibiting the sale of intoxicating liquors was not sustained. Harris v. State, 86 S. W. Rep., 763; Sullivan v. State, 87 S. W. Rep., 150. Other later decisions, rendered by a divided court, have held that the proof of the sale of beer was sufficient to support such a conviction. Moreno v. State, 64 Texas Crim. Rep., 660, 143 S. W. Rep., 156. The cases in which it has been held that the proof of sale of beer will not support a conviction are cases where the prosecution was under the statute prohibiting the sale of intoxicating liquors, while the prosecution in this case is under the statute prohibiting the pursuit of the business of selling intoxicating liquors.

The finding of the jury in the present case is that the appellant was engaged in the business of selling beer. If there were circumstances showing that the beer that he was engaged in the business of selling was of the intoxicating variety, the conviction must stand without reference to which line of these decisions is followed. We are of the opinion that there was such evidence supplementing the proof that the appellant sold beer. There are circumstances showing that he kept on hand a quantity of beer in bottles; that the price of it was 25 cents a bottle; that it was kept on ice; that it was sold on Sunday. He was supplying a demand for a beer on a day when it could not be bought from legitimate vendors of intoxicating liquors in nearby precincts or towns. His pursuit of the occupation was not by isolated sales, but by a systematic business. There has not come to our attention any such business or occupation as the sale of root bear or persimmon beer. If one were so engaged it is not probable that he would have concealed his stock. Some of his customers had been drinking whisky on the occasions that they purchased beer from appellant. Their testimony indicates that they knew that he was prepared to supply their demand for beer. These circumstances, we think, in connection with the fact that the article sold was *beer* are sufficient to show that the business in which appellant was engaged was that of the selling intoxicating liquors.

One of the witnesses named in the indictment, E. A. Hume, testified as follows:

On direct examination: "I didn't have much of a transaction; I gave him the money to get me a little beer with. I gave him about $1.35, something like that. He got me a half dozen bottles of beer. Yes, sir; he gave them to me. Yes, sir; I gave him $1.35 to get the

beer with. I went over there Sunday and got it. He brought it out to me in a basket. Six quarts. It was beer, it tasted like beer, that is what I gave him the money to get, beer. I don't remember what it was labeled. Yes, sir; I drank it. Yes, sir; it tasted like beer; that is what I ordered, beer. No, sir; before that time I didn't buy anything from him at any other time; I might a couple of times but that is some time ago; I think I have, but I don't remember the date. I got the same amount from him. I gave him the money on Saturday before Sunday. Yes, sir; I went down on Sunday and got it. This was right this side of Cement, where Johnson lives. I gave him the money at Cement City. Yes, sir; I went down to his house next day and got it."

On cross-examination: "I don't know what you call it, I gave him the money on Saturday and went over there next day and got the beer, I don't know what you call it. No, sir; he didn't give me any beer on Saturday. I don't remember what time I gave him the money on Saturday, along about dinner, after 12 o'clock. Along about 10 o'clock on Sunday I went over there and got it. There wasn't anything said. 'Bring half a dozen quarts of beer' is what I ordered. I said: 'Bring me a half dozen quarts of beer.' I ain't allowed to take this beer home. My wife don't allow me to bring much beer home, so I had him bring me out a half dozen quarts of beer. The reason for that is I didn't want to bring it home and I got anybody who was coming to town to get it and take it to their house for me. I got several others besides Will to get it for me, I don't know as it is necessary for me to call their names. Yes, sir; I gave him the money to get this beer for me. He said he was going to town. Yes, sir; he said he would get it for me. It happened that way both times."

Appellant insists that under this testimony the court should have instructed the jury on the issue as to whether appellant acted as the agent of Hume in purchasing beer and should have told the jury that if the transaction with Hume was not a sale there could be no conviction. This contention is correct if the evidence raises the issue. In our judgment, it does not raise it. There is no testimony that appellant bought the beer from anyone for Hume, none that he used Hume's money in buying it, and none that he sent to town to get the beer. On the contrary, it appears that he kept beer at his place and delivered it to his customers. The question of the sufficiency of the evidence to raise the issue of agency was discussed in the case of Hamilton v. State, 80 Texas Crim. Rep., 516, 191 S. W. Rep., 1160, and it was held on motion for rehearing that the evidence in that case was not sufficient to raise the issue. The agency there under consideration was that of appellant for the seller, but the case in point on the character of evidence necessary to require or justify the submission of the question of agency.

We have reviewed all the questions raised by the record, and finding no reversible error, it is ordered that the judgment of the lower court be affirmed.                                                *Affirmed.*