## VICTOR CORTINAS v. THE STATE.

### No. 7243.   Decided December 6, 1922.

**1.—Sale of Intoxicating Liquor—Sufficiency of the Evidence.**

Where, upon trial of the unlawful sale of intoxicating liquors, the evidence raised the issue of fact, touching defendant's relation with the transaction, as to whether he was merely acting for the purchaser or was making the sale with another, which would make him a principal offender, and the jury found him guilty, there was no reversible error.

**2.—Same—Bills of Exception—File Mark.**

It is necessary to authorize the consideration of bills of exception by this court that the record show that they were filed in the court below within the time allowed by law, following Oliver v. State, 58 Texas Crim. Rep., 50, and other cases.

**3.—Same—Application for Rehearing—Practice on Appeal.**

Where the application for rehearing was filed after fifteen days allowed for filing same, the same cannot be considered in this court, in the absence of sufficient showing.

Appeal from the District Court of San Patricio. Tried below before the Honorable M. A. Childers.

Appeal from a conviction of an unlawful sale of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful sale of intoxicating liquors; punishment fixed at confinement in the penitentiary for a period of one year.

The State witness Devers, the alleged purchaser, testified that he, in company with the witness Fisher, went to the appellant's place of business at night and asked if he had anything to drink. The appellant replied: "I haven't got it but I can get it," and said that the price was five dollars. This amount the witness gave him. Appellant disappeared and shortly thereafter a bottle of intoxicating liquor was delivered to the witness by another Mexican, whose name the witness did not know. Fisher's testimony corroborates that of Devers.

Appellant testified that Devers came and said: "Cannot you get a hold of me a bottle." Appellant said, "Yes," and he then went to Felipe Olivarez, a bootlegger, and told him that Devers wanted a bottle of tequila, at the same time handing Olivarez the five dollars which Devers had given him; that he never saw the liquor and was not interested in the sale in any manner save as an accommodator to Devers.

The evidence, in our opinion, raises an issue of fact touching appellant's relation with the transaction. If it was true that he acted merely for the purchaser, he would not be guilty. Key v. State, 37 Texas Crim. Rep., 78 and other cases listed in Branch's Crim. Law, Sec. 569. If, however, he was the seller or was acting with Olivarez in making the sale, he would be a principal offender. From the standpoint of both the State and the appellant, it appears that an illegal sale of intoxicating liquor was made. The appellant admittedly fixed and received the price. That he delivered the money to another rests on his own testimony alone. Even so the circumstances connect him with the sale in a manner which does not justify this court in deciding, as a matter of law, that he and Olivarez were not acting together.

We find copied in the record several bills of exception. They bear no file mark. It is necessary to authorize their consideration that the record show that they were filed in the court below within the time allowed by law. The State objects to their consideration. Oliver v. State, 58 Texas Crim. Rep., 50; Childress v. State, 92 Texas Crim. Rep., 215, 241 S. W. Rep., 1029.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

February 28, 1923.

LATTIMORE, JUDGE.—Opinion was handed down by this court affirming this case on December 6, 1922. Application is now made for permission to file a motion for rehearing, said application being dated

January 27, 1923. Fifteen days is allowed by statute in which to file such motion. No sufficient reason is stated for granting such application. The usual notice of the disposition of the case at the time same was affirmed, appeared in the daily press, and a notice was mailed to appellant's counsel at the town where the case was tried, there being no brief on file for the appellant and the clerk of this court having no information or any necessity for sending such notice to any other place. We regret we can not consider said application for rehearing.

*Overruled.*