### WILLIE HARRIS v. STATE.

No. 24861. October 18, 1950.

*J. B. Maguire, Jr.,* Pampa, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction upon information charging that appellant did, on Sunday and between the hours of 1:00 o'clock, a. m., and 1:00 o'clock, p. m., sell beer to Charles E. Baxter. The punishment was assessed at a fine of $250, and confinement in jail for thirty days.

The offense charged is under Art. 667-10, P. C. and, inasmuch as it applies generally throughout the state, it was not necessary that the information allege the dry status of the particular territory where the sale was alleged to have been made.

It is insisted that the undisputed evidence shows appellant was acting as the agent of the purchaser and did not sell the beer, as alleged:

Baxter, an inspector of the liquor control board, testified, as follows:

"On August 14, 1949, I saw the defendant in the Flats in Pampa, Texas. The time of day was about eleven o'clock a.m. I saw defendant in front of a cafe on the street. I stopped my car and called him over to my car and asked him if he knew where I could get some beer. The defendant replied he did not know but would see if he could find some. I told him I wanted four cans of beer and wanted it cold so that I could drink it. The defendant left and entered this cafe building and soon returned with these three cans of beer and one can of ale. I asked him how much it was an he said twenty-five cents a can; so I gave him one dollar, and the defendant went back towards the cafe, and I drove away."

Opon cross-examination, he testified:

"I never did ask the defendant if he would sell me any beer. I asked him if he knew where I could get some beer. He said he did not know but that he would see. I do not know what the defendant did with the dollar which I gave to him for the beer."

It is upon this testimony the state relies for a conviction.

The "Flats" is in the section of Pampa where colored people lived. Appellant resided in that section. According to appellant's testimony, he was employed as a bell captain at the Schneider Hotel and, at that particular time of day, was in the Flats looking for some one to work as a bell boy at the hotel. As to what then happened, we quote from his testimony:

"Mr. Baxter was in his car with three other men. He stopped his car in front of a cafe and called me over to his car and asked me if I knew where they could get some beer. I told him I did not know but I would see for them. He then told me he wanted four cans of beer and wanted it cold so he could drink it. I then went to the back of the cafe where they have games and asked if they had any beer. They said they did. I got four cans of beer for them and took them out to the car and gave them to Mr. Baxter. Mr. Baxter asked me how much they were, and I told him twenty-five cents a can. He gave me a dollar and I took the dollar into the cafe and gave it to the man who gave me the cans of beer. I did not keep any of the dollar for myself but gave the entire dollar to the man I had got the beer from."

Upon cross-examination, he testified:

"I did not sell any beer to Mr. Baxter, but only went to get the beer for him. Often white people come down to the colored part of town to find a colored person and don't like to get out of their car. They usually ask some colored person they see on the street to try and locate the person they are looking for. I was just running an errand for Mr. Baxter as I have often done for other white people, and went and got the beer for him."

If appellant was acting as the agent of Baxter and in that capacity purchased the beer for him, he would not be guilty of selling the beer to Baxter. Such is the rule long established. Sec. 1248, Branch's P. C., and authorities there cited.

Baxter's admission that he never asked appellant to sell him the beer tends strongly to indicate that Baxter was not intending to purchase the beer from appellant but, rather, have appellant make the purchase at his suggestion. Such, together with the fact that appellant is in no manner shown to have been connected with the cafe where the beer was obtained, or that he worked there, strongly supports his testimony that he went into the cafe, purchased the beer for Baxter, and took it to him.

We cannot bring ourselves to the conclusion that appellant's guilt as a seller of the beer is shown.

The judgment of the trial court is reversed and the cause remanded.

Opinion approved by the court.