James Earl McGEE, Appellant,

v.

The STATE of Texas, Appellee.

No. 44358.

Court of Criminal Appeals of Texas.

Dec. 14, 1971.

 

Glenn Hausenfluck, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Roger W. Crampton and John Garrett Hill, Asst. Dist. Attys., Forth Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for escape from jail; the jury assessed the punishment at seven years.

Appellant's two grounds of error relate to a supposed variance between the allegations in the indictment and the proof herein. The indictment alleges that appellant was in lawful custody of the sheriff due to twice having been convicted of felonies, one in Cause No. 74387 which conviction occurred on the 25th day of January, 1968, and one in Cause No. 74317 on the 1st day of March, 1968.

A deputy sheriff testified he had the care, custody, and control of the official records of the Sheriff's Department and there was introduced into evidence a "report of proceedings" from Criminal District Court No. 1 in Cause No. 74387, State v. James Earl McGee, which showed the date of "1–25–68" and that there was a jury verdict of guilty in said cause which "report of proceedings" was signed by the Honorable Byron Matthews, Judge of Criminal District Court No. 1 and by the district clerk through his deputy, Virginia Bass. There was also introduced into evidence another "report of proceedings" in Cause No. 74317 which showed a verdict of guilty in said cause signed by the Honorable Byron Matthews and by deputy clerk Bass. This report contained two dates, "3–1–67" and immediately above it "2–29–68." Bass testified that the date "3–1–67" was a mistake and that she had prepared the report and mistakenly put down "67" instead of "68," and further testified that the date "2–29–68" was the date of the verdict and "3–1–68" was the date of the jury verdict on punishment.

It is not clear from appellant's brief in regard to the January 25th, 1968 conviction what he is complaining about. Apparently, he complains because the indictment says 25th day of January, 1968,

488

and the "report of proceedings" shows the date "1–25–68." We hold that such is not a fatal variance and will take judicial knowledge of the fact that an instrument bearing a blank for a date that is filled in "1–25–68" refers to the 25th day of January of the year 1968. See Grace v. State, 198 Tenn. 626, 281 S.W.2d 641 (1955).

In regard to the variance in Cause No. 74317, the testimony of the deputy clerk Bass who prepared the "report of proceedings" showing that the 29th day of February, 1968 was the date the jury found the appellant guilty and that the date "3–1–68" was the date the jury returned the verdict assessing punishment. This testimony by the witness as to the date of "67" being a mistake and that the truth of the matter was that it was 1968 is sufficient to show that it occurred in 1968. And we will further take judicial notice that "3–1–68" and "2–29–68" refer to February and March of the year 1968.

There being no reversible error, the judgment is affirmed.