**Marvin Fletcher SENN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45958.**

Court of Criminal Appeals of Texas.

May 16, 1973.

Rehearing Denied June 13, 1973.

------

Reynold M. Gardner, Amarillo, for appellant.

Tom Curtis, Dist. Atty., and Kerry Knorpp, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal results from a conviction for sale of marihuana wherein the punishment was assessed at five (5) years.

■ At the outset, the appellant contends the evidence is insufficient to sustain his conviction since it shows, as a matter of law, that he acted as an accommodation agent for the undercover agent.

Lonnie Watson, age 20, testified that on January 19, 1971 he was a deputy sheriff working as an undercover agent with the Amarillo Police Department. He testified that he had been acting as such or as an informer for several months prior to that date and had become acquainted with the appellant Senn in late October or early November of 1970; that he had earlier loaned the appellant $10.00 and the appellant had promised to repay the loan in either hashish or marihuana; that late on the night of January 18, 1971, he located the appellant at the Sandpiper Lounge playing pool; that his purpose "was to be paid back for my debt"; that the appellant informed him he did not have the $10.00 but that "he would pay me back."

Watson related they drank beer for a while and the appellant suggested they seek narcotics from a third party which he supposed the appellant was going to use somehow to repay the debt; that they drove in company with the appellant's girlfriend to 319 E. 24th Street where Carl Tibbetts lived. He further testified that as they knocked on the door the appellant stated that he (Watson) should pay for the narcotics and asked for $10.00 which he gave to the appellant. Watson then revealed that a Jack Lightfoot opened the door and they went to Carl Tibbetts' bedroom and awakened him and the appellant asked to buy some "hash." Lightfoot, in the next room, hollered that he had the "hash" in there and brought a substance wrapped in tinfoil into Tibbetts' bedroom. Tibbetts took the substance and handed it to Watson and the appellant then handed the $10.-00 to Tibbetts.

Watson then related that they then went to 2120 Canyon Drive where the appellant asked for the "hashish," broke off a small piece of it and placed it in a pipe and smoked it as did his girlfriend.

Watson testified he recovered the remainder of the substance for evidence purposes.

The chain of custody was established and a chemist testified the substance was, in fact, marihuana—a concentrate of the resin of marihuana.

Watson testified he never requested the appellant to do anything for him or to undertake any type of action for him.

Testifying in his own behalf, appellant challenged the date on which the events related by Watson took place but acknowledged that there was an occasion in January or February when the events related by Watson occurred. He related that Watson had been trying to buy narcotics from him or attempting to get him to buy narcotics for him (Watson) ever since he had known Watson; that, at the time in question, he merely assisted Watson in making "the buy" and that he had no interest in the sale; that the narcotic passed directly from Tibbetts to Watson.

At the guilt stage of the trial, the court charged the jury:

"You are further instructed that if you believe from the evidence that defendant acted as the agent of and for Lonny Watson in locating and purchasing said marijuana, and that he was not interested in the sale thereof as a seller, or if you have a reasonable doubt as to whether the defendant acted as his agent in the purchase of the said marijuana, you will acquit the defendant and so say by your verdict."

It is to be observed that "sale" is defined by Article 725b § 1(10), Vernon's Ann.P. C., as including "barter, exchange, or gift, or offer therefor, and, each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee."

In Durham v. State, 162 Tex.Cr.R. 25, 280 S.W.2d 737, 739 (1955), this court, however, wrote:

"If an accused is in no way interested in behalf of the seller but acts only as agent of the prosecutor he is not guilty of making a sale.

"This is especially true where the agent makes the purchase for the accommodation of the prosecutor and delivers the narcotic to him without any advance in price over what he paid."

See also Townsel v. State, 162 Tex.Cr.R. 221, 286 S.W.2d 162 (1956).

In Smith v. State, 396 S.W.2d 876, 878 (Tex.Cr.App.1965), this court, on rehearing, wrote:

"We think that the New York cases and the Durham case are correct and reject the view that one who acts only as an agent, servant or employee of a law enforcement officer in the purchase of narcotic drugs for evidence purposes, and who is in no way connected or associated with the seller and receives no financial profit from the single sale, can be guilty of selling the narcotic drugs when the law enforcement officer is not."

*Smith* was reversed because of the court's failure to charge on the law of accommodation agent.

In *Durham,* the undisputed evidence reflected that the accused acted as an accommodation agent for the undercover agent.

In the instant case, the evidence was not undisputed and, under the circumstances, we cannot conclude that the appellant was shown to be an accommodation agent as a matter of law.

The issue of accommodation agent was, of course, raised by the evidence, and the court properly submitted the fact issue to the jury. See Jones v. State, 427 S.W.2d 616, 620 (Tex.Cr.App.1968). The court also charged on the law of principals.

Finding the evidence sufficient to sustain the conviction, we overrule appellant's first contention.

■ Appellant's second ground of error complains of four instances in which the appellant claims evidence was improperly

admitted over objection. No authority is cited. The ground of error is multifarious and presents nothing for review. See Article 40.09 § 9, Vernon's Ann.C.C.P. Nevertheless, we have examined each instance complained of and conclude that no reversible error is reflected by the court's rulings.

The judgment is affirmed.

MORRISON, Judge (concurring).

In addition to the distinctions pointed out by my brother Onion, I submit these thoughts.

In the case at bar, Watson testified that he did not initiate the idea of going to Tibbetts' home and that he did not ask appellant "to do anything for [him] or . . . take any action for [him]". On the other hand, appellant testified that it was Watson's idea that the two of them go to Tibbetts' home and it was Watson who prevailed upon him to secure the contraband.

In Durham, supra, the testimony of the officers was not inconsistent with the defendant's defense of accommodation agency. In the case at bar, the officer's testimony contradicted this defense and, since I find contradictory testimony on the issue, I must conclude that, unlike Durham, supra, appellant's defense of the accommodation agency was not established as a matter of law.

At most, this testimony raised an issue which was fairly submitted to the jury in the charge.

Further, unlike Durham, supra, the record reflects that appellant asked for a portion of the contraband which had been purchased and smoked the same. There was no evidence in Durham, supra, that defendant had participated in any way in using the contraband which had been purchased.

I concur.