**Angel SOSA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45638.**

Court of Criminal Appeals of Texas.

May 23, 1973.

Ray Stoker, Jr., Odessa, for appellant.

J. A. (Jim) Bobo, Asst. Dist. Atty., John Green, Dist. Atty., Odessa, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

### ON APPELLANT'S MOTION FOR REHEARING

ROBERTS, Judge.

Appellant was convicted of the offense of sale of heroin; punishment was assessed at 88 years' confinement.

The prior opinion is withdrawn; therein we stated that appellant's contention that he was entitled to a charge on the law of accommodation agency could not be considered since the record indicated that the requested charge was not submitted prior to the submission of the case to the jury.

Subsequently, a supplemental transcript was forwarded to this Court which reflects that the judge was timely presented with the special requested charge and he refused the same. In light of this apparent clerical error, we will now review appellant's argument.

He submits that he was entitled to a charge on the law of accommodation agency. Appellant testified that on the evening in question, the undercover agent and a girl companion drove up to a cafe in Odessa. He contends that the agent called him over to the car and told him his wife needed a "fix." Appellant, noticing the physical condition of the woman,[1] stated that he was willing to try to help. Appellant got in the car with the agent and the woman; $30.00 was handed to appellant by the agent. They drove to a certain house and appellant went inside. He returned shortly with the heroin. He contends that he made no profit from the transaction.

The narcotics agent's female companion substantially corroborated the appellant's version of the transaction.

The undercover agent testified that appellant approached him and asked if he could help him. The agent replied that he was looking for a certain woman, a known pusher. Appellant is alleged to have stated that the woman was not present, but that he could sell the agent some heroin.

We agree with appellant that there was probably sufficient evidence to raise the defensive theory that he was acting only as a disinterested emissary, seeking to help the woman in the car, whom he did not know previously. However, we cannot agree that the refusal of the requested charge constituted reversible error. Admittedly, the granting of such a requested charge would not have been improper. Durham v. State, 162 Tex.Cr.R. 25, 280 S.W.2d 737 (1955); Townsel v. State, 162 Tex.Cr.R. 433, 286 S.W.2d 162 (1956); compare, Jones v. State, 427 S.W.2d 616, 620 (Tex.Cr.App.1968).

But the charge as given by the trial court adequately protected appellant's rights. The jury was thoroughly instructed on the law of entrapment. After the term was defined, they were told:

"Now if you find from the evidence, or if you have a reasonable doubt thereof, that on the occasion in question the criminal design, if any, originated in the mind of an officer, and that he induced the defendant to commit the crime charged in the indictment, for the mere purpose of instituting a criminal prosecution against the defendant, and that the defendant had not contemplated the commission of said crime, if any, until such inducement, you will find the defendant not guilty."

If the jury had wished to accept appellant's story as to how he became involved, then they had before them sufficient instructions to find the appellant not guilty.

Finding no reversible error, the judgment is affirmed.

---

1. The woman's nose was running, and she appeared quite ill.