**Freddie Thomas BROOKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46513.**

Court of Criminal Appeals of Texas.

Sept. 19, 1973.

**100**

Roland H. Hill, Jr., Fort Worth, for appellant.

Doug Crouch, Dist. Atty., William A. Knapp, William W. Chambers, and J. J. Heinemann, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction was for the sale of dangerous drugs on a plea of not guilty; the punishment, three and one-half (3½) years.

The sufficiency of the evidence is not challenged.

L. D. Ansley, an undercover agent for the Narcotics Division of the Police Department of the city of Fort Worth, testified that he purchased 264 tablets of amphetamine in 4 "baggies," and a bottle of the same in liquid form from appellant on March 20, 1972, for $80.00 in cash; that appellant came to the place of sale with two other males; that appellant asked $85.-00, but agreed to reduce the price to $80.00 if he was allowed to keep 1000 empty gelatin capsules. Ansley paid him the money and appellant kept the capsules.

Appellant testified to the delivery of the drugs to Ansley, but claimed he bought them from the two other males who were with him but remained outside in the car, and gave them the $80.00 and the empty capsules, solely to accommodate the agent, who he said had asked him to buy them so that he could sell them and make some money to help J——, a woman known to both Ansley and appellant, to get some money to help her husband get out of jail. There was other testimony not necessary to relate here. The contraband was competently shown to be amphetamine.

■ At the conclusion of the testimony and before the court submitted the charge to the jury, appellant in writing requested the court to charge the jury as follows:

"You are further instructed that if you find from the evidence that the defendant was in no way interested in behalf of the seller but acted only as agent of L. D. Ansley, in procuring amphetamines from another, or if you have a reasonable doubt thereof, you must find the defendant not guilty and so state."

The court denied the request. Appellant contends that the court thereby committed reversible error.

Appellant relies upon the cases of Durham v. State, 162 Tex.Cr.R. 25, 280 S.W.2d 737, and Smith v. State, Tex.Cr.App., 396 S.W.2d 876.

The *Durham* case laid down the principle involved, and reversed the case because the facts did not show a sale, but showed that the accused was acting as an accommodation agent. It did not involve the refusal to give a charge on accommodation agent, nor did the court charge on entrapment.

The *Smith* case was reversed for the failure of the court to charge an accommodation agent, but there the court did not charge on entrapment.

The court in the case at bar charged on entrapment as follows:

"You are instructed that 'entrapment' is the improper inducement of a person by an officer to commit a crime not contemplated by such person for the mere purpose of instituting a criminal prosecution against such person. Where the criminal intent originates in the mind of the officer and he induces a person to commit a crime which such person would not otherwise have committed, except for such inducement, this is 'entrapment'; however, where the criminal intent originates in the mind of the accused, the fact that the officer furnishes the opportunity for or aids the accused in the commission of a crime, is no defense to such a prosecution.

"Now, if you find from the evidence, or if you have a reasonable doubt thereof, that on the occasion alleged, if any, the criminal design originated in the mind of the officer, L. D. Ansley, and that he induced the Defendant to commit the crime charged in the indictment for the mere purpose of instituting a criminal prosecution against the Defendant, and that the Defendant had not contemplated the commission of said crime until such inducement, then you will find the Defendant Not Guilty."

In Sosa v. State, Tex.Cr.App., 494 S.W. 2d 849, this Court on May 23, 1973, held that even if the issue of accommodation agent is raised by the evidence, the failure of the court to charge thereon is not reversible where the court charged on entrapment.

We overrule appellant's first contention.

The second contention of appellant is that the court erred in not replaying a tape of certain testimony, after the jury had written the court a note indicating that they were in dispute about certain testimony, and after the court had the tape of such disputed testimony once played before the jury. After the testimony was produced before the jury, the foreman stated: "I would appreciate it if we would replay just exactly what we just heard." The court declined. The request of the foreman did not show that the jury was still in dispute as to the testimony they had just heard. The court had fully complied with Art. 36.28, Vernon's Ann.C.C.P., and, no further dispute being claimed, correctly declined to repeat the testimony. We further note that no objection or request was made by appellant's attorney.

The second contention of appellant is overruled.

We find no reversible error, and affirm the judgment.

Opinion approved by the Court.