**Stephen Michael KEMP, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46971.**

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

Rehearing Denied Jan. 9, 1974.

John W. O'Dowd, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell, and John Holmes, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is sale of heroin; the punishment, five (5) years.

Appellant raises four grounds of error. In view of our disposition, we treat only that ground of error which relates to the court's failure to charge on the issue of accommodation agent over appellant's timely objection.

The State's testimony was sufficient to show a sale of heroin by appellant. The record reflects that Agent Heath of the Federal Bureau of Narcotics and Dangerous Drugs and an informant met appellant at a parking lot where the transaction was initiated. After several trips and phone calls, appellant finally delivered the heroin to the informant and the agent.

Appellant, testifying in his own behalf, stated that the informant had called him numerous times about this matter over a period of two to three weeks, that he would not have thought to do it if the informant and the agent had not approached him about it, that the agent initiated the conversation about heroin, and that he would not have started it himself. He further testified that he would not have engaged in the transaction but for the insistence of the agent and the informant. He stated he gave all the money that the agent paid him in advance to the person from whom he purchased it, and that he received no benefit. Finally, he testified that he had never sold heroin and handled it solely as a go between.

In Jones v. State, 427 S.W.2d 616, 620, citing Durham v. State, 162 Tex.Cr.R. 25, 280 S.W.2d 737, this Court stated:

"If an accused is in no way interested in behalf of the seller but acts only as an agent of the prosecutor he is not guilty of making a sale."

We further stated:

"Where the issue of accommodation agent is raised the court should charge thereon, and where the court refuses to charge thereon, despite a proper objection or special requested charge, error is presented."

Appellant's testimony that he received no benefit from the transaction, that he had never sold heroin, and that he did so only because of the insistence of the agent and informant clearly raised the issue of accommodation agent. Townsel v. State, 162 Tex.Cr.R. 433, 286 S.W.2d 162.

The present case is distinguishable from Baker v. State, 440 S.W.2d 842, where the issue before this Court was the sufficiency of the evidence and the establishment of entrapment as a matter of law. Compare Senn v. State, 494 S.W.2d 836, where we stated that similar testimony raised the issue, and the court properly charged thereon.

Further, the error was not cured by a charge on the issue of entrapment as it was in Sosa v. State, 494 S.W.2d 849. The trial court also rejected appellant's requested charge on entrapment.

For the reason stated, the judgment is reversed and the cause remanded.