**Herbert POSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49025.**

Court of Criminal Appeals of Texas.

Nov. 13, 1974.

Bob Hendricks, McKinney, for appellant.

Tom O'Connell, Dist. Atty., Elliott Knott, Bill Jouette, Asst. Dist. Attys., McKinney, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This appeal is taken from a conviction for the sale of marihuana; the punishment was assessed by the jury at imprisonment for two years. The appellant contends in his single ground of error that the trial court erred in refusing to give his specially requested charge on accommodation agency. The appellant testified he was merely acting as the conduit from the source of the marihuana to the narcotics officer, at the officer's behest, receiving no remuner-

ation, and he claims he was entitled to be acquitted should the jury agree that he was acting as such an accommodation agent. Although the doctrine of accommodation agency has been applied in prosecutions for the sale of narcotics, we now hold that accommodation agency is no defense in such prosecutions.

Accommodation agency as applied in narcotics cases began with Durham v. State, 162 Tex.Cr.R. 25, 280 S.W.2d 737 (1955). In Durham the Court applied the doctrine of accommodation agency that had been applied in prosecutions for the sale of liquor in violation of the local option liquor law. The stated authority for the holding in Durham was "Harris v. State, 155 Tex.Cr.R. 180, 233 S.W.2d 123; Flores v. State, 159 Tex.Cr.R. 1, 259 S.W.2d 198; Cortinas v. State, 93 Tex.Cr.R. 64, 245 S. W. 911; Chance v. State, 85 Tex.Cr.R. 62, 210 S.W. 208; Hamilton v. State, 80 Tex. Cr.R. 516, 191 S.W. 1160; Branch's Ann. P.C. 713, Sec. 1248."

In the liquor cases "sale" was given its ordinary definition and consideration was a necessary element. A mere transfer, without evidence of barter or payment, was inadequate to sustain a conviction for the sale of liquor in violation of the local option laws. Holley v. State, 14 Tex.App. 505 (Tex.Ct.App.1883); Bottoms v. State, 73 S.W. 16 (Tex.Cr.App.1903). Where one is the agent of the purchaser of the liquor, without profit to the agent himself, the requisite element of consideration is absent, and no "sale" can result. Hood v. State, 35 Tex.Cr.R. 585, 34 S.W. 935 (1896); Wright v. State, 35 Tex.Cr.R. 581, 34 S.W. 935 (1896); Hamilton v. State, 80 Tex.Cr.R. 516, 191 S.W. 1160 (1917); Branch's Ann.P.C.2d, § 1322. Therefore, a defendant in a liquor case who was merely the agent of a purchaser (and not a middleman making a profit) and who was doing the perfectly legal act of buying liquor, Thompson v. State, 34 S. W. 937 (Tex.Cr.App.1896); Bennett v. State, 34 S.W. 936 (Tex.Cr.App.1896), and

whose subsequent transfer to his principal resulted in no actual consideration is entitled to a charge on accommodation agency requiring his acquittal if the transfer was not actually a sale. McElwee v. State, 73 Tex.Cr.R. 445, 165 S.W. 927 (1914).

The definition of "sale" as applied in narcotics cases is:

"'Sale' includes barter, exchange, or gift, or offer therefor, and, each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee." Art. 725b, § 1(10), V.A. P.C.

Under this definition, proof of consideration is not required as an element of the offense. Holdaway v. State, 505 S. W.2d 262 (Tex.Cr.App.1974); Lewis v. State, 482 S.W.2d 177 (Tex.Cr.App.1972); Mistrot v. State, 471 S.W.2d 831 (Tex.Cr. App.1971). Because an exchange without consideration or a gift is a sale under this definition, a transfer merely for the accommodation of a principal-purchaser does come within the definition of "sale" applicable to the offense. In the case before us, the appellant may well have been the agent of the purchaser, acting without hope of benefit. However, the appellant, while admitting the transfer, raises nothing which precludes it from being a "sale" under the statutory definition. Thus, he would not be entitled to a defensive charge on agency because the mere fact of agency is not exculpatory. In the case of illegal drugs, the conduit is as criminally liable as the pusher. Holdaway v. State, supra.

The Durham case is distinguishable from this case on another basis. There, the appellant testified that she was aware at the time of the transaction that the purchaser was in fact a narcotics officer. If the alleged agent indeed knew that her principal-purchaser was a law enforcement officer and claimed to be working with him in gathering evidence, an appropriate charge would be required. If such evi-

dence is not raised, where one commits a knowingly illegal act, as in the case of the transfer of narcotics from a seller to a purchaser, an agency situation will not protect him from criminal liability. There is no evidence in this case that the appellant was aware that his purchaser was a narcotics officer and there is no evidence that the appellant was working with the narcotics officer in gathering evidence. He was not entitled to the specially requested charge on accommodation agent.

To the extent that they conflict with this opinion, other cases applying the rule of Durham v. State, supra, in prosecutions for the sale of narcotics are overruled. It is not the intention of the Court for this decision to, in any way, impinge on the defense of entrapment.

The judgment is affirmed.

Opinion approved by the Court.

MORRISON, Judge (concurring in part and dissenting in part).

I concur to the affirmance of this case, but dissent to the manner of its disposition.

The *validity* of the defense of accommodation agent is not raised by the parties, nor is its determination necessary to the disposition of the case. Appellant objected to the failure of the court to charge the jury on accommodation agent. The record, however, reflects that the court did charge on entrapment. This Court has held that a charge on accommodation agent is not required where, as here, the court's charge on entrapment fully protects the appellant's rights. Sosa v. State, Tex.Cr.App., 494 S. W.2d 849; Brooks v. State, Tex.Cr.App., 499 S.W.2d 99; and Gonzales v. State, Tex.Cr.App., 505 S.W.2d 267.

Further, I am not persuaded that the statute, by definition, eliminates the concept of accommodation agent. The doctrine of accommodation agent, in narcotics cases, is well established in this jurisdiction. Durham v. State, 162 Tex.Cr.R. 25, 280 S.W.2d 370; Alexander v. State, 168 Tex.Cr.R. 288, 325 S.W.2d 139; Huerta v. State, Tex.Cr.App., 390 S.W.2d 770; Smith v. State, Tex.Cr.App., 396 S.W.2d 876; Reed v. State, Tex.Cr.App., 421 S. W.2d 116; Jones v. State, Tex.Cr.App., 427 S.W.2d 616; Garcia v. State, Tex.Cr. App., 473 S.W.2d 486; Robbins v. State, Tex.Cr.App., 481 S.W.2d 419; Senn v. State, 494 S.W.2d 836; Brooks v. State, Tex.Cr.App., 499 S.W.2d 99; and as recently as Kemp v. State, Tex.Cr.App., 502 S.W.2d 726. A majority of the circuits in the Federal system recognize the concept of accommodation agent. Adams v. United States, 220 F.2d 297 (5th Cir., 1955); Lewis v. United States, 119 U.S.App.D.C. 145, 337 F.2d 541 (1964, Circuit Judge Warren Burger writing for the majority); United States v. Barcella, 432 F.2d 570 (1st Cir. 1970).

At this late date the majority has reached out to joust with a statute which ceased to be the law on August 27, 1973. Were we dealing with a new statute and writing on a clean slate, another situation would exist. This will certainly be one of the last cases raising this question to come to us under the old statute.

The disposition of this cause could rest on established precedent. The majority's effort represents a needless exercise which defies the concept of judicial economy.

I would affirm this conviction under the authority of Sosa, supra, and the other cases cited.

ONION, P. J., joins in this opinion insofar as it dissents.