STATE OF CONNECTICUT *v.* YVONNE HAIRISTON

SUPERIOR COURT     FAIRFIELD COUNTY     FILE NO. 23678
AT BRIDGEPORT

Memorandum filed May 27, 1976

*Herbert J. Bundock,* public defender, for the defendant.

*Richard F. Jacobson,* assistant state's attorney, for the state.

SADEN, J. The facts, which are not in dispute, are as follows: On June 18, 1975, an undercover agent met with the defendant and they engaged in a conversation pertaining to drugs. The agent asked the defendant if she had any drugs to sell and the defendant replied that she had nothing on her because the police were watching her but that she could

probably arrange that the agent buy some cocaine. They then entered the defendant's car which she drove to a certain street and parked. The defendant and the agent left the car and the defendant approached an unnamed male who, apparently, did not have what she wanted. They continued walking and several minutes later located another unnamed male who walked along with them. When they stopped, the defendant told the agent to give her the money and he handed her $20, which she, in turn, handed to the unnamed male. The male then handed the defendant a small tinfoil packet containing the alleged drugs, and, as the defendant and the agent walked away, the defendant handed the agent the tinfoil packet. On June 26, 1975, a second transaction took place in exactly the same manner as the first but with a different unnamed male, i.e., the agent handed the defendant money which she turned over to the unnamed male who, in turn, handed her a packet which she turned over to the agent.

The defendant was charged with the sale of narcotics and has moved to dismiss that charge, claiming that one who acts solely as the agent of the buyer and who has received no benefit from the transaction cannot be convicted of the crime of selling narcotics. The defendant relies mainly on the case of *Durham* v. *State*, 162 Tex. Crim. 25, in which the factual pattern resembled the one in the present case. In *Durham* the court did, in fact, hold (p. 28) that if a defendant acts only as an agent of the buyer, who also happened to be an undercover agent in that case, the defendant is not guilty of making a sale, particularly where she is making the purchase solely for the accommodation of another and delivers the goods without any compensation. In *Posey* v. *State*, 515 S.W.2d 286, 287 (Tex. Crim. App.), however, the Texas court overruled *Durham* and held the defend-

ant, who was in a similar position, guilty of selling narcotics even though he acted only as agent for the buyer, also an undercover agent, and received no benefit whatsoever. The two cases were distinguished by the court (p. 287) as follows:

"Accommodation agency as applied in narcotics cases began with Durham v. State. . . . In Durham the Court applied the doctrine of accommodation agency that had been applied in prosecutions for the sale of liquor in violation of the local option liquor law. . . .

"In the liquor cases 'sale' was given its ordinary definition and consideration was a necessary element. A mere transfer, without evidence of barter or payment, was inadequate to sustain a conviction for the sale of liquor in violation of the local option laws. . . .

"The definition of 'sale' as applied in narcotics cases is:

" ' "Sale" includes barter, exchange, or gift, or offer therefor, and, each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee.' [Citation omitted.]

"Under this definition, proof of consideration is not required as an element of the offense. . . . Because an exchange without consideration or a gift is a sale under this definition, a transfer merely for the accommodation of a principal-purchaser does come within the definition of 'sale' applicable to the offense. In the case before us, the appellant may well have been the agent of the purchaser, acting without hope of benefit. However, the appellant, while admitting the transfer, raises nothing which precludes it from being a 'sale' under the statutory definition."

*State* v. *Stone,* 114 N.H. 114, is also supportive of such a position. In that case the New Hampshire

court stated (p. 116) that the definition of a sale for the purposes of the controlled drug act was far broader than it was for the purposes of commercial transactions and that it would include a gift or an offer. The court held that the defendant's conviction for the sale of a controlled drug was not precluded by the facts that the defendant made no profit and received no consideration whatsoever from the alleged drug transaction, that he was only the procuring agent for the buyer, an undercover agent, and that he merely passed the money given by the buyer to the actual seller.

Connecticut's controlled drug statute contains a definition of sale which includes gifts or offers as do the Texas and New Hampshire statutes. " 'Sale' is any form of delivery which includes barter, exchange or gift, or offer therefor, and each such transaction made by any person whether as principal, proprietor, agent, servant or employee." General Statutes § 19-443 (50).

This statute expressly includes a gift, speaks to the role of an agent, and makes no mention of consideration or benefit. It appears clear that the state legislature meant to include the act of the defendant in the present case under the definition of "sale."

The other cases cited by the defendant refer either to sales statutes which do not include a gift under the definition of a sale; *People* v. *Buster*, 286 App. Div. 1141; or to cases which deal with different crimes and, therefore, different standards. *Lewis* v. *United States*, 337 F.2d 541 (D.C. Cir.), cert. denied, 381 U.S. 920. This court is of the opinion that the intent of the Connecticut statute follows the reasoning of *Posey* v. *State*, supra, and *State* v. *Stone*, supra.

The defendant's motion to dismiss is, therefore, denied.