**Leroy BAKER, Jr., alias Spider Webb, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42074.

Court of Criminal Appeals of Texas.

May 7, 1969.

May, Troy & Reagor, by W. John Allison, Jr., Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is the sale of marijuana; the punishment, 75 years.

Appellant raises two grounds of error; that the evidence shows entrapment as a matter of law, and that the evidence is insufficient as a matter of law to sustain the conviction.

Officer Cole, a Dallas police officer working undercover at the time, and a man identified as Ken, engaged appellant in a conversation leading up to Ken's requesting appellant to secure some marijuana for them. After agreeing to do so, appellant entered Officer Cole's car and directed him to a certain Dallas location where he alighted, "disappeared" into an apartment complex, and returned with a piece of a newspaper full of what was later identified to be marijuana. Officer Cole paid appellant $2.00 in quarters, which appellant pocketed. The three men then drove to downtown Dallas where appellant again left the automobile to purchase cigarette rolling papers. After doing so, he returned to the car and the following transpired: "He asked where the grass is." "I told him mine's (the officer's) on the dash." "He told me that that was part his also and at that time I told him that I thought he had bought some for himself, that was mine, I paid him for that, and he said no, that that was part his also." "He opened up the piece of folded newspaper and accused me of having smoked some of it." "He proceeded to roll a cigarette using the contents of the newspaper from the dash." "Ken lit the cigarette and passed it on to myself and (appellant)". The officer then testified to appellant's smoking the cigarette.

Appellant's version of the facts above related differs only in the following respects: Appellant testified that Officer Cole, and not Ken, requested him to purchase the marijuana, that Officer Cole gave him $3.00 in folding money which he immediately gave to the man from whom he purchased the marijuana, that he did not make any money on the transaction, and that he did not smoke any of the marijuana cigarette.

In our recent opinion in Jones v. State, Tex.Cr.App., 427 S.W.2d 616, which involved a very similar fact situation, we discussed at length the law applicable to the contentions raised in appellant's brief—entrapment, accommodation purchaser, and whether an undercover agent is an accom-

plice whose testimony must be corroborated, and are convinced that it is dispositive of appellant's grounds of error here urged.

We find the evidence amply sufficient to support the jury's verdict.

Finding no reversible error, the judgment is affirmed.