Affirmed and Memorandum Opinion filed August 8, 2006








Affirmed and Memorandum Opinion filed August 8, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00495-CR

____________

 

RICHARD NASH, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause No. 984,605

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant, Richard Nash, Jr., of
possession, with intent to deliver, cocaine weighing at least 400 grams. 
Appellant elected for the trial court to assess punishment, which it assessed
at thirty-five years= confinement in the Institutional Division
of the Texas Department of Corrections and a $500 fine.  Appellant argues that
the trial court erred in not instructing the jury on the law of entrapment, and
further contends the evidence was legally and factually insufficient to support
his conviction either as a principal or a party.  We affirm.








Factual and Procedural Background

On February 2, 2004, Houston police arrested L.C.[1]
for possessing more than a kilogram of cocaine.  L.C. was returning to
Mississippi to resell the cocaine.  L.C. faced fifteen years to life
confinement for the amount of cocaine he was carrying.  Determined not to face
imprisonment, L.C. signed a contract with the State in which he agreed to act
as a confidential informant and aid in recovering ten kilograms of cocaine in
exchange for a dismissal of charges against him.  L.C. contacted appellant,
whom he believed would agree to facilitate the sale of cocaine.  Appellant
obliged.

Working with police, L.C. arranged for the drug transaction
to take place on April 15, 2004.  The negotiated deal was for 10 kilograms of
cocaine, with a total negotiated price of $166,000.  A narcotics officer posed
as ABig Boy,@ an out-of-town
buyer.  Nash spoke with Big Boy on the telephone numerous times to negotiate
details such as price and how many kilograms would be delivered at a time,[2]
and to arrange for a Aflash@ of the purchase
money.  Nash met Big Boy in a parking lot in order to confirm that Big Boy had
the necessary funds to pay for the cocaine.  At the flash, Nash thumbed through
the $166,000.  After he was satisfied that there were sufficient funds, he left
to arrange the final details with the others involved in the deal.

Eventually, L.C. drove with Nash to an apartment, where the
drugs were delivered.  Only five kilograms were present.  Once L.C. verified
that Nash and his cohorts had produced cocaine, he called Big Boy, who in turn
notified other officers to raid the apartment.  Police recovered five kilograms
of cocaine and a pistol from the apartment.  A grand jury indicted Nash for the
felony offense of possessing more than 400 grams of cocaine with the intent to
deliver.  








A jury convicted appellant and the trial court sentenced
him to thirty-five years= confinement and a $500 fine.  Appellant
raises five issues.  In his first, he contends the trial court erred when it
refused to include his entrapment instruction in the jury charge.  In his
remaining issues, appellant claims the evidence was both legally and factually
insufficient to support his conviction.  We will consider the sufficiency
issues first, then the entrapment issue, and affirm.

Analysis

I.        Legal
Sufficiency

Appellant
argues the evidence was legally insufficient to sustain his conviction, either
as a principal or a party to the offense.  In a legal-sufficiency challenge, we
employ the familiar standard of viewing the evidence in the light most
favorable to the verdict.  King v. State, 29 S.W.3d 556, 562 (Tex. Crim.
App. 2000).  If any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt, we will affirm.  Id. 
Below, the jury returned a general verdict of guilt, having been instructed on
principal and party liability.  We will affirm if the evidence is sufficient to
support the verdict on any of the bases.  See Rabbani v. State, 847
S.W.2d 555, 558 (Tex. Crim. App. 1992).  Therefore, if the evidence is legally
sufficient to convict appellant either as a principal or a party, we will
affirm.








Appellant=s chief argument is that he did not
exercise actual care, custody, and control over the cocaine.  Stated
differently, appellant never actually possessed the cocaine; rather, appellant
was merely the broker for the deal and the cocaine was not his.  However,
because the evidence is legally sufficient to prove appellant was a party to
the offense, we affirm the conviction.  See Tex. Pen.
Code ' 7.02(a)(2) (even if a person
does not actually commit the offense, she still may be found guilty if she acts
with the intent to promote or assist in commission of the crime, or if she
solicits, encourages, directs, aids, or attempts to aid another in the
commission of the crime).  At minimum, the evidence showed appellant was guilty
as a party to the offense.

The State presented numerous witnesses connecting appellant
to the drug deal.  L.C. explained that he contacted appellant because he
believed appellant could arrange for the sale of cocaine.  L.C. also testified
that appellant readily agreed to facilitate the sale.  Other police officers
surveilling the money flash, and eventually raiding the apartment, connected
appellant with each stage of the drug transaction.  Finally, Big Boy testified
that appellant spoke with him on the phone numerous times to work out details
for the transaction.  Appellant solicited others to produce five kilograms of
cocaine, and facilitated negotiations and transfer of the drugs.  The evidence
placed appellant at the meeting point between buyers and sellers of a large
quantity of cocaine.  Viewed in the light most favorable to the verdict, the
evidence was legally sufficient to support appellant=s conviction as a
party to the offense.  We overrule appellant=s legal
sufficiency challenge.

II.       Factual
Sufficiency

Appellant
also raises the issue of factual sufficiency.  When conducting a factual
sufficiency review, we view the evidence in a neutral light and will set the
verdict aside only if the evidence is so weak as to make the verdict clearly
wrong and manifestly unjust, or if the contrary evidence is so strong that the
standard of proof, beyond a reasonable doubt, could not have been met.  Escamilla
v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004), cert. denied,
544 U.S. 950 (2005).  Again, we will affirm if the evidence is sufficient to
support the verdict on either the theory of principal or party liability.  See
Rabbani, 847 S.W.2d at 558.  Although we have reviewed the entire
record and have considered all evidence presented at trial, we cannot assume
the role of fact finder and substitute our judgment for that of the jury.  See
Zuniga v. State, 144 S.W.3d 477, 482 (Tex. Crim. App. 2004) (stating that
appellate courts are not to Afind@ facts or substitute their judgment for that of the jury). 
The evidence is factually sufficient as well. 








At trial, appellant presented no evidence of his own. 
Therefore, there is no contrary evidence that would be so strong that the standard
of proof could not be met.  Rather, we must determine only if the evidence is
so weak as to make the verdict clearly wrong and manifestly unjust.  It was
not. All of the evidence presented placed appellant as the broker for the drug
transaction.  As we have explained, he negotiated the terms of the deal,
located and secured the cocaine through his contacts, counted the money during
the flash, and led L.C. and police to the apartment where the drugs were to be
exchanged.   Indeed, he facilitated the entire transaction.  As we have also
explained, whether appellant actually possessed the cocaine himself, or only
promoted or assisted in the crime, is unimportant because the jury was
instructed on the law of parties.  The evidence showed that appellant was one
of the chief promoters and encouragers of the drug sale.  Viewed in a neutral
light, the evidence was factually sufficient to sustain appellant=s conviction as a
party to the offense.  We overrule appellant=s factual
sufficiency challenge.

III.      Entrapment

In his final issue, appellant argues the trial court erred
in refusing to instruct the jury on the law of entrapment.  Appellant contends
L.C. was a member of law enforcement for purposes of entrapment when he
approached appellant about the drug transaction.  Additionally, appellant
argues that the criminal intent formed in L.C.=s mind, and that
the amount of money and profit to be made was such as to induce an ordinary law
abiding citizen of average resistance to break the law.  Although the State
does not disagree that L.C. was a member of law enforcement for purposes of
entrapment, it contends that appellant was eager to make the drug deal before
any prices were negotiated.  According to the State, because appellant argues
that it was the large amount of profit to be made that induced him to act
criminally, the fact that appellant readily agreed to facilitate the deal
before any price and thus profit was set belies appellant=s argument.  We
agree.








Under Texas law, if a defendant already possesses the
narcotics before he meets with law enforcement, the evidence raises no issue of
entrapment and refusal of a requested entrapment charge is not error.  Roberson
v. State, 01-05-00513-CR, 2006 WL 1350249, at *4 (Tex. App.CHouston [1st
Dist.] May 18, 2006) (not designated for publication) (citing McKinney v.
State, 372 S.W.2d 699, 701 (Tex. Crim. App. 1963)).  The same is true
here.  Below there was no controverting evidence to indicate that appellant was
induced to enter the drug business and procure narcotics he otherwise did not
have access to due to the proposed deal.  Rather, the evidence indicated that
appellant was merely doing business the way he had done for years. 
Specifically, the evidence indicated appellant already had access to the ten
kilograms of cocaine and agreed to broker the deal before he knew how much
money he stood to make.  Accordingly, it was not law enforcement who induced
appellant to engage in the drug business.  Appellant was already engaged in the
drug business and he merely saw a potential customer.  Because appellant already
had access to the cocaine and had already agreed to the deal before any price
or profit was negotiated, there was no error in refusing to include the
requested charge.  We overrule appellant=s final issue.

Conclusion

Having overruled each of appellant=s issues, we
affirm the judgment of the trial court.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 8, 2006.

Panel consists of
Justices Fowler and Seymore, and Senior Justice Mirabal.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Because L.C. was a confidential informant, we use
only his initials.





[2]  Nash wanted to perform the deal one kilogram at a
time.  The narcotics officer wanted all ten kilograms at once.