ROBERT TOWNSEL V. STATE

No. 27,943. January 25, 1956

*R. C. Hamilton,* Amarillo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the sale of whiskey in a dry area, with prior convictions alleged for enhancement; the punishment, 90 days in jail and a fine of $2,000.00.

Our able state's attorney has confessed error.

Inspector Hynd of the Texas Liquor Control Board testified that he saw the appellant in the morning and told him that he wanted to buy a pint of whiskey, that the appellant said he did not have any whiskey, and he told the appellant that he would see him again. Hynd stated that he came back that afternoon and purchased a pint of whiskey from the appellant for five dollars.

The appellant testified that Mr. Hynd came to him in the morning and told him that he needed a pint of whiskey, that he told Hynd that he did not have any but would try to get one for him, that after Hynd left he went down to where a number of people were congregated at a ball game and was there able to purchase a pint of whiskey for five dollars, that he returned to his home and later in the day when Hynd came back he delivered the whiskey to him and was reimbursed by Hynd.

Appellant requested a charge which would have told the jury to find him not guilty if they believed that he purchased the whiskey as an accommodation for and as an agent of Hynd.

We have concluded that the trial court fell into error when he refused such charge.

Recently in Durham v. State, (page 25, this volume), 280 S. W. 2d 737, we said:

"If an accused is in no way interested in behalf of the seller but acts only as agent of the prosecutor he is not guilty of making a sale.

"This is especially true where the agent makes the purchase

for the accommodation of the prosecutor and delivers the narcotic to him without any advance in price over what he paid.

"The following authorities dealing with conviction for unlawful sale of liquor are deemed applicable. Harris v. State, 155 Tex. Cr. R. 180, 233 S. W. 2d 123; Flores v. State, Tex. Cr. App., 259 S. W. 2d 198; Cortinas v. State, 93 Tex. Cr. R. 64, 245 S. W. 911; Chance v. State, 85 Tex. Cr. R. 62, 210 S. W. 208; Branch's Ann. P. C. 713, Sec. 1248."

Upon another trial the complaint should be dated, and it is hoped that the trial court will refrain from admonishing defense attorney in the presence and hearing of the jury. It is defense counsel's duty to object to the state's argument if he considers that such argument is outside the record.

The judgment is reversed and the cause remanded.