## CARL VILEY v. STATE

No. 28,313. May 9, 1956.

Appellant's Motion for Rehearing Overruled
(Without Written Opinion) June 13, 1956.

*Harris E. Lofthus,* Amarillo, for appellant.

*J. M. Molander,* County Attorney, *Robert L. Templeton,* Assistant County Attorney, Amarillo, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for selling whiskey in a wet area without having procured a permit, with a prior conviction for an offense of like character alleged to enhance the punishment; the punishment, 30 days in jail and a fine of $200.

By agreement of counsel, only a portion of the testimony adduced upon the trial is included in the statement of facts, and there appears in the record a stipulation by counsel that certain other facts were proved by the state.

From the record before us, it appears that the appellant was a porter at the Amarillo Hotel in the city of Amarillo. On the night in question, the state's witnesses, Milton E. Stegall, Jose Arzola and James Dougherty, who were minors, went to the hotel and secured two room. According to their testimony, they were taken to their rooms by a porter by the name of McNeal and at such time Stegall gave him $6.00 to get some whiskey. Before McNeal had returned with the whiskey the appellant came to the room with a pint of whiskey and asked them if they wanted to buy it. Upon being told that they had given the money to McNeal, the appellant stated that he would give them the whiskey and get the money from McNeal, whereupon he gave them the pint of whiskey and left.

The testimony further shows that the reason the witness Stegall went to the hotel was to try to catch a girl who he suspected had taken $40.00 from him at the hotel the night before. Stegall had reported the loss to Lt. Whitten of the Amarillo Police Department and at the lieutenant's suggestion the three witnesses returned to the hotel with money from which the serial numbers had been taken and with instructions to get a girl and pay her with the money. It is shown that the three

had no instructions to purchase whiskey but were only instructed to get a girl and pay her the money.

Appellant insists that the conviction cannot stand because the evidence shows that he was entrapped into committing the offense.

In Peery v. State, 138 Tex. Cr. R. 155, 134 S.W. (2d) 283, this court, in discussing the legal meaning of entrapment, stated:

"The word 'entrapment' has been defined legally as 'the seduction or improper inducement to commit a crime, and not the testing by trap, trickiness, or deceit of one suspected.' U. S. v. Wray, D.C., 8 F. 2d 429. Mr. Webster defines the word 'entrap' as 'to catch as in a trap by artifice.' The word 'entrapment' as used in a legal sense carries with it the presumption that the officer or agent manufactures the offense and then incites accused to commit the offense for the purpose of prosecution."

It is the general rule that where the criminal intent originates in the mind of the accused the fact that the officers furnish the opportunity for or aid the accused in the commission of a crime constitutes no defense to such a prosecution. Sorrells v. U.S., 287 U.S. 435, 53 S. Ct. 210, 77 L. Ed. 413; and Cooper v. State, No. 27,891, opinion by this Court on January 11, 1956, (162 Tex. Cr. Rep. 624).

An examination of the testimony does not in any manner indicate that Lt. Whitten and the three state's witnesses instigated the sale of the whiskey. On the contrary, it appears that the appellant, himself, produced and offered to sell the whiskey without any solicitation. Appellant's contention is overruled.

Appellant next insists that the three state's witnesses were accomplices and that the evidence is insufficient to support the conviction because the state failed to corroborate their testimony. Without passing upon the question of whether the witnesses were accomplices, we overrule appellant's contention, in view of the provision in the Texas Liquor Control Act, Art. 666-23a(8) which provides that upon a trial for a violation of any provision of the act a conviction may be had upon the uncorroborated testimony of an accomplice.

The judgment of conviction is affirmed.

The opinion approved by the Court.