THELMA SUTTON V. STATE

No. 32,694. January 11, 1961

Motion for Rehearing Overruled March 1, 1961

*C. C. Divine,* Houston 2, for appellant.

*Dan Walton,* District Attorney, *Carl E. F. Dally, Carol S. Vance,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge

The conviction is for the unlawful possession of a narcotic drug, to wit: heroin; the punishment, 2 years,

The state's evidence shows that on the date alleged in the indictment the state's witness, Everett Armstrong, while working undercover in the capacity of special employee for a Federal Narcotic Agent, went to the appellant's apartment in the city of Houston. The witness testified that upon arriving at the apartment he asked appellant if she could "score" for him which meant that she would pick up some heroin for him; that appellant replied that she could, but would have to make a telephone call; that they then went downstairs and walked to a telephone booth which appellant entered and placed a call; that after appellant came out of the booth, he asked her, "How is everything" to which she replied, "Okay. He'll be here in a few minutes." The witness stated that he then returned to the apartment and appellant remained downstairs; that in some 15 or 20 minutes appellant came up to the apartment and asked him for $21 which he gave her; that after appellant left, he looked out of the window and saw a Mexican man drive up in an automobile and in some 2 or 3 minutes appellant returned to the apartment with a Mexican woman; that the Mexican woman then gave the appellant a piece of paper and, after the woman left, appellant handed the witness a red cellophane package which contained 3 capsules.

An analysis of the contents of the 3 capsules by Chemist Kenneth Anderson of the Alcohol and Tobacco Tax Division of the U. S. Treasury Department showed that they contained heroin.

Appellant did not testify or offer any evidence in her behalf.

Appellant's main contention on appeal is that the evidence is insufficient to sustain the conviction.

Appelant insists that the evidence is insufficient because it shows (1) that she was acting as an agent for the State's witness, Armstrong, in the transaction; (2) that she was entrapped in committing the offense; (3) that the witness Armstrong was shown to be an accomplice, as a matter of law, and whose testimony was not sufficiently corroborated; and (4) that the evidence is insufficient to show that she possessed the capsules of heroin.

The court submitted the issue of entrapment to the jury in his charge, defined the term "accomplice," and also submitted the issue as to whether the State's witness was an accomplice with an appropriate instruction as to the corroboration required to convict upon accomplice testimony.

Under the record presented, we find the evidence sufficient to sustain the conviction.

Proof that appellant was acting as an agent for the State's witness Armstrong in the transaction did not render the evidence insufficient to sustain the conviction for unlawful possession of the heroin. While the indictment charged the appellant in separate counts with both an unlawful sale and possession of the herion, the court submitted only the issue of unlawful possession to the jury.

We are unable to agree that the evidence shows entrapment of appellant, as a matter of law, in commission of the offense. It is the general rule that where the criminal intent originates in the mind of an accused, the fact that the officers furnish the opportunity for or aid the accused in the commission of a crime constitutes no defense to such a prosecution. However, if the criminal design originates in the mind of the officer and he induces a person to commit a crime which he would not otherwise have committed except for such inducement, such is entrapment and, in law, may constitute a defense. Stevens v. State, 133 Tex. Cr. R. 333, 110 S.W. 2d 906; Sorrells v. U. S., 287 U. S. 435, 53 S. Ct. 210, 77 L. ed. 413, 86 A.L.R. 249; Cooper v. State 162 Tex. Cr. R. 624, 288 S.W. 2d 762; and Viley v. State, 163 Tex. Cr. R. 348, 290 SW. 2d 674. The court properly submitted to the jury the issue of entrapment which was raised by the evidence and under the record we would be unauthorized to disturb its verdict.

The issue as to whether the state's witness Armstrong was an accomplice was properly submitted to the jury. The evidence

clearly shows that in the transaction with appellant, Armstrong was working for the Federal Narcotic Agent for the purpose of obtaining evidence against the appellant as a Narcotic Law violator. Under such evidence, the witness was not shown to be an accomplice as a matter of law. Alexander v. State, 168 Tex. Cr. R. 288, 325 S.W. 2d 139.

We find no merit in appellant's contention that the evidence is insufficient to show that she possessed the capsules of heroin because the testimony showed that she only had them in her possession for approximately 25 seconds before delivering them to the state's witness. The duration or length of time the capsules were under appellant's control would not determine the question of her possession of the same.

Appellant insists that the court committed reversible error in permitting the state's witness to testify that on prior occasions he had purchased heroin from her over the objection that such was proof of extraneous offenses. The testimony was admitted by the court on the issue of appellant's intent in the transaction and in his charge the Court limited the jury's consideration of such testimony to solely the purpose for which it was admitted. Under the record, with entrapment interposed as a defense, the evidence of prior sales of heroin by appellant to the witness, although extraneous offenses, was admissible on the issue of her intent. Williams v. State, 161 Tex. Cr. R. 500, 279 S.W. 2d 348 and Parnell v. State, 166 Tex. Cr. R. 239, 312 S.W. 2d 506. The admission of such evidence was not error.

Other contentions urged by appellant have been considered and are overruled.

The judgment is affirmed.

Opinion approved by the Court.

McDONALD, Judge, not participating.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

Appellant argues with much force that her possession of heroin, shown by the state's evidence, was only such as necessarily resulted from her accommodation of Armstrong in its purchase. Her contention is that she could not be successfully prose-

cuted for the sale of heroin, under our holding in Durham v. State, 162 Tex. Cr. R. 25, 280 S.W. 2d 737, and Townsel v. State, 162 Tex. Cr. R. 433, 286 S.W. 2d 162, hence her conviction for the possession of such heroin necessarily incident to such sale should not be permitted to stand.

The testimony of Armstrong showing prior transactions with appellant was admitted to rebut such theory, and to rebut the defensive theory that appellant had no intent to possess heroin and possessed it only because she was induced to do so by Armstrong.

Appellant's motion for rehearing is overruled.