Edward L. McKINNEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 36137.

Court of Criminal Appeals of Texas.

Nov. 27, 1963.

Roger Butler, Robstown, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is unlawful possession of marihuana; the punishment, seven years.

Federal narcotics agent Ronald Merriweather, called as witness by the state, testified that in December, 1962, while working under cover in Victoria, he was introduced to one George Rainey, a known pusher of narcotics, by an informer from San Antonio. In the introduction, Rainey was told by the informer that Merriweather was a soldier stationed at Fort Sam Houston, who was interested in obtaining some marihuana or heroin to sell to his friends at the Fort. As a result of their meeting, Merriweather effected a purchase of marihuana from Rainey in Victoria on December 19. On January 3, 1963, Merriweather and Rainey went to Robstown and on the morning of January 4 at 12:45 a. m., Merriweather was introduced by Rainey to appellant as Frank Johnson. At such time, the three were seated in the agent's automobile in front of the Cozy Lounge. In introducing Merriweather, Rainey stated to appellant: "This is my man, my old boy, I know this guy, he is from the Army * * he wants to buy some stuff * * * to take on back there to the post, for some of the boys * * *." Appellant replied: "Well, man, I don't know, items are kinda hard now, and I don't have too much stuff now * * * but we get some buckin' good stuff now." Agent Merriweather then asked appellant if he knew where he (the

agent) could get some marihuana or heroin, to which appellant replied that he did not know but "I can get you three wachies for $15.00." Thereupon, Merriweather handed appellant $15 and appellant got out of the automobile, walked across the street, and disappeared behind a door leading into a building housing the Paradise Inn. Later, appellant returned, got in the automobile, and handed the agent a bag in which there were three newspaper packages containing a substance that appeared to be marihuana.

Merriweather testified that on January 17, 1963, he returned to Robstown with Rainey and saw appellant in the Cozy Lounge. When he asked appellant about some more marihuana appellant stated: "* * * things are kinda slow * * * My Mexican, I haven't seen the Mexican, he's across town * * * Time's are kinda hard now," and asked the agent to "* * * check back with me in about a couple of weeks." Merriweather stated that on February 13 he again saw appellant in Robstown but did not purchase anything from him. On such occasion, appellant said: "Things are slow, real slow, man," and requested that he come back the next night. On February 15, Agent Merriweather returned and saw appellant playing poker upstairs over the Paradise Inn. After appellant motioned to the agent to follow him, the two went downstairs. Appellant got a package out from under a canopy and said: "Man, I got about twenty cigarettes here * * *." They then got in the agent's car, and after agreeing upon a price of $1.00 each for the cigarettes, Merriweather signalled with the brake light to other narcotics agents nearby, who came to the car. When the agents opened the door, appellant threw the package to the floor and Merriweather picked it up. The package contained nineteen cigarettes wrapped in white toilet paper with a rubber band.

An analysis of the nineteen cigarettes by U. S. Chemist James N. Wilson disclosed that each contained marihuana of a total weight of 3.07 grams. An examination of the three packages delivered by appellant to the agent on January 4 disclosed that they contained 14.31 grams of marihuana.

Testifying as a witness in his own behalf, appellant stated that he had been a user of marihuana but had not used any for three or four months prior to January, 1963. Appellant testified that on December 28, 1962, a Mexican boy by the name of Adolph approached him and asked if he wanted any "stuff," and that he told the boy: "No, I don't want it, I'm about ready to quit fooling with it * * *" The boy stated: "I heard Rainey wanted some, do you know Rainey?," to which he replied that he did but "I still don't want any." Appellant related that the following night Adolph returned and again approached him about "taking it" and after he declined, Adolph offered him a bargain of $15 for five wachies and stated that Rainey wanted "it." He then took the five packages from Adolph and hid them under the canopy behind the Paradise Inn. Of the five packages, appellant stated that he made one package into twenty cigarettes, nineteen of which were under the canopy, sold one package, on January 31, to Rainey, whom he knew in Victoria, for $5, and delivered the other three packages to Agent Merriweather.

Appellant swore that he would have never received the marihuana from the Mexican, Adolph, if he had not mentioned Rainey's name, and testified, in substance, that he obtained the marihuana for Rainey.

■ We find the evidence sufficient to sustain the verdict.

■ Appellant's sole contention on appeal is that the court erred in refusing to give his requested charge on entrapment.

In Cooper v. State, 162 Tex.Cr.R. 624, 288 S.W.2d 762, this court, in discussing entrapment in its legal sense, said:

"It is the general rule that where the criminal intent originates in the mind of the accused the fact that the officers furnish the opportunity for or to aid the accused in the commission of

a crime constitutes no defense to such a prosecution. * * * However, if the criminal design originates in the mind of the officer and he induces the person to commit a crime which he would not otherwise have committed except for such inducement, this is entrapment, and in law may constitute a defense to such crime. * * *"

See, also, Thomas v. State, 163 Tex.Cr.R. 308, 290 S.W.2d 680, and Viley v. State, 163 Tex.Cr.R. 348, 290 S.W.2d 674.

The evidence shows that appellant had the marihuana in his possession prior to his meeting narcotics agent Merriweather. There is no proof that the Mexican boy from whom appellant swore he received the marihuana was acting for Merriweather and there is an entire absence of any proof that the criminal intent or design of appellant originated in the mind of the officer.

Under the record presented, the defense of entrapment was not raised, and the court did not err in refusing to give the requested charge.

The judgment is affirmed.

Opinion approved by the court.