**Frank VERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44039.**

Court of Criminal Appeals of Texas.

July 28, 1971.

Rehearing Denied Oct. 26, 1971.

Second Rehearing Denied Dec. 7, 1971.

Melvyn Carson Bruder, Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason, Robert T. Baskett and James S. Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for sale of heroin; the jury assessed the punishment at life.

The appellant first contends that the evidence showed that the appellant was entrapped into committing the offense by the State's complaining witness, Federal Narcotics Agent Sam Roberts.

In Sutton v. State, 170 Tex.Cr.R. 617, 343 S.W.2d 452, this Court said:

"It is the general rule that where the criminal intent originates in the mind of an accused, the fact that the officers furnish the opportunity for or aid the accused in the commission of a crime constitutes no defense to such a prosecution. However, if the criminal design originates in the mind of the officer and he induces a person to commit a crime which he would not otherwise have committed except for such inducement, such is entrapment and, in law, may constitute a defense." See: Cooper v. State, 162 Tex.Cr.R. 624, 288 S.W.2d 762.

"Where the evidence raises an issue as to whether the intent to commit a particular crime originated in the accused's mind or in the mind of the officer and whether the accused was induced to act in a manner in which he would not otherwise have acted except for such inducement, then the question of entrapment is one of fact and should be submitted to the jury." Cooper v. State, supra.

In the case of Jones v. State, 427 S.W.2d 616, this Court extensively discussed the doctrine of entrapment, saying, "It appears to be well established that the factual issue of entrapment is a question for the jury, unless as a matter of law the accused has established beyond a reasonable doubt he was entrapped."

The court overruled the appellant's motions to suppress and for a directed verdict, which were based on entrapment. The court did not instruct the jury on entrapment and no objections or requested instructions were presented. The only question, then, is whether the evidence shows entrapment as a matter of law. We will now examine the evidence to determine this question.

Agent Roberts testified that he, together with special agent Gerald Voyles and an informant met on January 16, 1969, in the Oak Cliff section of Dallas. A telephone call was placed by the informer to the appellant. Following this conversation, the three of them waited in a shopping center parking lot until the appellant arrived, whereupon they exchanged $45 for six capsules of heroin. The appellant told the informant that if he wanted to buy 10 more capsules to call him after 11 o'clock in the evening.

Regarding the telephone conversation, Roberts, who was listening on the receiver with informant, testified as follows:

"Q What did he say?

"A The cooperating individual first asked the Defendant whether he had some stuff and the Defendant said he did. The cooperating individual said he wanted six capsules, or six caps and the Defendant said that that would be $42.00 plus $3.00 that the cooperating individual owed him from a prior transaction, from a previous deal, and he wanted to make it very clear that he wanted $45.00 when he delivered the six capsules.

"Q In other words, he wanted the $3.00 that the man owed him for another deal of heroin, is that correct?

"A Yes, sir."

■ From the testimony of Agent Roberts, evidence was adduced that the appellant had committed the same offense before and offered to commit the same offense again. This evidence clearly reflects that the officers merely furnished the appellant the opportunity and that the criminal design did not originate in the minds of the officers. Thus, entrapment was not shown. Ochoa v. State, Tex.Cr.App., 444 S.W.2d 763.

The appellant's first ground of error is overruled.

■ Next, the appellant contends that the State failed to prove venue. Roberts testified that he met Voyles and the infor-

mant at the intersection of Clarendon and Zangs Street in Oak Cliff in Dallas County. He also testified that the sale took place at the intersection of Clarendon and Westmoreland Streets in Oak Cliff. Further testimony was as follows:

"Q Now, what was your confidential informant doing all this time?

"A He was just standing nearby.

"Q Now, did this sale occur in the County of Dallas and State of Texas?

"A Yes, sir.

"Q Is this Frank Vera sitting over here the same person that you bought that heroin from out there on that date?

"A That's the same person."

This established venue in Dallas County. The appellant's second ground of error is overruled.

The appellant's third ground of error complains of the testimony of prior sale of heroin for the reason that it shows an extraneous offense and also complains of the following testimony of Officer B. J. Hendry of the Dallas Police Department:

"Q Let me ask you another question: you arrested him on June the 5th, 1969 on this case that occurred on January the 16th, 1969; that's some months later. Why did you wait so long to arrest him; why didn't they arrest him back, you know, in January?

"A It's my understanding that they had some more Defendant's also who were arrested for sale of narcotics—

"MR. OEHLER: I object to that.

"THE COURT: Sustain the objection."

 Objection was sustained to Hendry's testimony. No objections were made to Roberts' testimony that the appellant

charged $3.00 for a previous sale of heroin and no error is shown.

The appellant's third ground of error is overruled.

 Next, the appellant complains of the testimony by Roberts that, "The cooperating individual first asked the defendant whether he had some stuff and the defendant said he did." The appellant contends that this is an oral confession in violation of Art. 38.22, Vernon's Ann.C.C.P., and that the statutory warnings were not given. The appellant was not under arrest, no objections were made, and nothing is presented for review. The appellant's fourth ground of error is overruled.

 Lastly, the appellant complains of the admission into evidence at the trial on punishment, of a prior conviction in which the sentence does not recite that appellant was represented by counsel at his sentencing. Again, no objection was made and nothing is presented for review. Further, three other felony convictions were introduced without objection and each shows he was represented by counsel. The appellant's fifth ground of error is overruled.

There being no reversible error, the judgment is affirmed.

ODOM, J., not participating.

· OPINION

ON APPELLANT'S MOTION
FOR REHEARING

ODOM, Judge.

On rehearing, appellant renews his contention that the admission into evidence at the punishment stage of his trial of a prior conviction in which the sentence does not recite that appellant was represented by counsel at that time constitutes reversible error.

**26**

In Taylor v. State, 470 S.W.2d 663 (1971), this court stated:

"* * * it is observed that no objection was urged at the time these documents were introduced, and no claim is advanced even now that at the time of such conviction the appellant was indigent, without counsel and did not waive the right of counsel, or that he was deprived of counsel in any manner. * * * In light of the record, we find no merit in appellant's first contention."

The pertinent facts are the same in the instant case, and we feel that further discussion of this point would contribute nothing to the jurisprudence of this state. Taylor v. State, supra; Martin v. State, 463 S.W.2d 449; Hudson v. State, Tex. Cr.App., 453 S.W.2d 147; Hasley v. State, Tex.Cr.App., 442 S.W.2d 739; Walling v. State, Tex.Cr.App., 437 S.W.2d 563.

We have also examined appellant's pro se brief and find his contentions to be without merit.

Appellant's motion for rehearing is overruled.