

# NUMBER 13-18-00333-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**CANDICE MARIE MYERS,**                                                                  **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                  **Appellee.**

---

**On appeal from the County Court
of Navarro County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Contreras**

Appellant Candice Marie Myers appeals her conviction for possession of marijuana under two ounces, a class B misdemeanor. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(1). By two issues, Myers argues that: (1) there was insufficient evidence that she possessed the marijuana, and (2) the trial court erred when it overruled her hearsay objection. We affirm.

# I. BACKGROUND[1]

In September 2015, Myers was a passenger in a vehicle when it was pulled over by Officer Armando Garcia. According to Garcia, he noticed the odor of marijuana as he approached the car. Garcia radioed for back up and Officer Adrian Ornales responded to the scene. Inside the vehicle, in a hair-gel container inside a white purse, Garcia found 1.5 grams of marijuana. Myers was charged with possession of marijuana under two ounces. *See id.* She pleaded not guilty and proceeded to trial.

At trial, Garcia testified there were multiple bags in the vehicle, including one white purse. During his cross-examination, the following exchanged occurred:

[Defense Counsel]: Okay. You might check to see if there were, I don't know, articles of clothing or any kind of articles that belong to a certain person because then you could associate that person with what you found in the bag; is that correct?

[Garcia]: Yes, sir.

[Defense Counsel]: In this particular case, you didn't do that, did you?

[Garcia]: I believe at the end of the stop once the arrest was made.

[Defense Counsel]: Okay, so you looked in the bag to see if there was any ID in it?

[Garcia]: No, I got confirmation.

During re-direct, Garcia testified the driver of the car informed him that the white purse belonged to Myers. Myers objected to the testimony on hearsay grounds. The State argued that Myers, by eliciting testimony from Garcia as to the ownership of the white purse, thereby opened the door to the introduction of hearsay testimony from the driver,

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

who was an unavailable witness, as to the ownership of the purse. The trial court overruled the objection.

Ornelas testified he responded to Garcia's call for back up. He stated he saw the passenger in the car place a white purse in the back seat and wipe a "black gel-like substance" off of her fingers as he approached the car. Ornelas testified the substance he witnessed Myers wiping off her fingers looked like the gel inside the container in which the marijuana was found.

Myers testified she was the owner of a black purse located on the front passenger's side floorboard and denied that the marijuana and the white purse were hers. Myers explained that the she, along with driver of the car, and other co-workers, had planned a weekend trip to Dallas. According to Myers, the day before the trip, a fellow co-worker dropped off the co-worker's bag and luggage for the trip in the vehicle which was later stopped by Garcia, and that everyone but Myers cancelled their plans to attend on the day of the trip. Myers denied she was wiping black hair gel off her fingers during the traffic stop and testified she instead was wiping off water she spilled on herself when the car slowed down. According to Myers, the car did not smell like marijuana but did have a "funky" smell.

The jury found Myers guilty of the offense, and the trial court assessed punishment at two years' community supervision and a $500 fine. This appeal followed.

## II. SUFFICIENCY

By her first issue, Myers argues there is insufficient evidence that she possessed the marijuana.

3

## A. Applicable Law and Standard of Review

In determining whether the evidence was sufficient to support the conviction, we must view the evidence in the light most favorable to the State to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). The jury is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). Thus, when the record indicates conflicting inferences, this court must presume that those inferences were resolved in favor of the State. *Wise*, 364 S.W.3d at 903. This standard is the same for both direct and circumstantial evidence. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Coleman v. State*, 131 S.W.3d 303, 307 (Tex. App.—Corpus Christi–Edinburg 2004, pet. ref'd) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Under a hypothetically correct jury charge, a person commits the class B misdemeanor offense of possession of marijuana if the person knowingly or intentionally possesses a usable quantity of marijuana under two ounces. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(1). To prove the requisite intent to possess, the State had to show that the appellant (1) exercised control, management, or care over the substance in question and (2) that he or she knew that the substance was contraband. *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016); *see Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006) (listing non-exclusive factors that may indicate an "affirmative link" connecting the defendant to the knowing possession of contraband). Mere presence at the location where drugs are

4

found is insufficient, by itself, to establish actual care, custody, or control of those drugs. *Evans*, 202 S.W.3d at 162. "However, presence or proximity, when combined with other evidence, either direct or circumstantial (e.g., 'links'), may well be sufficient to establish that element beyond a reasonable doubt." *Id.*

## B. Analysis

Myers argues there were insufficient "links" between her and the marijuana. Here, the marijuana was found in a hair-gel container inside a white purse in a car in which Myers was a passenger. The marijuana was accessible and within close proximity to Myers, and there was testimony from Garcia that the car smelled like marijuana. *See Tate*, 500 S.W.3d at 414. Ornelas testified he saw Myers place a white purse in the back seat and wipe a "black gel-like substance" off of her fingers. Ornelas explained that the substance Myers was wiping off her fingers was consistent with the hair gel inside the container where the marijuana was found. This evidence supports a conclusion that Myers exercised care, control, and management over the marijuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(1); *Tate*, 500 S.W.3d at 413; *see also Sutton v. State*, 343 S.W.2d 452, 454 (Tex. Crim. App. 1961) ("The duration or length of time the [drugs] were under appellant's control would not determine the question of her possession of the same.").

Additionally, while Myers denied that the white purse and the marijuana belonged to her, questions concerning the credibility of witnesses and the weight to be given to their testimony are to be resolved by the trier of fact. *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998). Evidence is not rendered insufficient when conflicting evidence is introduced, and we assume that the fact finder resolved conflicts in the evidence in favor of the verdict and must defer to that resolution. *Matchett v. State*, 941 S.W.2d 922,

5

936 (Tex. Crim. App. 1996). Here, the trier of fact was free to disregard Myers's testimony and believe Ornelas's testimony. *See Mosley*, 983 S.W.2d at 254; *Matchett*, 941 S.W.2d at 936. Therefore, viewing the evidence in the light most favorable to the verdict, we conclude there was sufficient evidence establishing affirmative links between Myers and the marijuana. *See Wise*, 364 S.W.3d at 903; *Evans*, 202 S.W.3d at 162 n.12. We overrule Myers's first issue.

### III. HEARSAY

By her second issue, Myers argues the trial court erred when it admitted hearsay testimony from Garcia, which conveyed to the jury the driver's out-of-court statement to the officer that the white purse belonged to Myers. The State argues the testimony was not used to prove Myers possessed the marijuana but rather to show why Garcia did not attempt to identify the owner of any of the purses or bags through other means.

### A. Applicable Law and Standard of Review

Hearsay is an out of court statement offered to prove the truth of the matter asserted in the statement, and it is inadmissible unless otherwise provided by statute or the rules of evidence. *See* TEX. R. EVID. 801(d), 802; *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). A limited exception to the hearsay rule enables testifying officers to place their investigative actions into context. *See Schaffer v. State*, 777 S.W.2d 111, 114 (Tex. Crim. App. 1989). The State may offer out-of-court statements into evidence without violating the hearsay rule to explain why the defendant became the subject of an investigation. *See Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995). "An arresting officer should not be put in the false position of seeming just to have happened upon the scene, he should be allowed some explanation of his presence and conduct." *Schaffer*, 777 S.W.2d at 114–15. Therefore, "testimony by an officer that he

6

went to a certain place or performed a certain act in response to generalized 'information received' is normally not considered hearsay because the witness should be allowed to give some explanation of his [or her] behavior." *Poindexter v. State*, 153 S.W.3d 402, 408 n.21 (Tex. Crim. App. 2005), *abrogated on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 n.32 (Tex. Crim. App. 2015); *see Sandoval v. State*, 409 S.W.3d 259, 282 (Tex. App.—Austin 2013, no pet.).

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). A trial judge abuses his discretion when his decision falls outside the zone of reasonable disagreement. *Id.* If the trial court's evidentiary ruling is correct under any applicable theory of law, it will not be disturbed even if the trial court gave a wrong or insufficient reason for the ruling. *Id.* The erroneous admission of evidence is non-constitutional error. *Sandoval v. State*, 409 S.W.3d 259, 287 (Tex. App.—Austin 2013, no pet.); *see Casey v. State*, 215 S.W.3d 870, 884–85 (Tex. Crim. App. 2007). We disregard any non-constitutional error as harmless unless the error affected appellant's substantial rights. TEX. R. APP. P. 44.2(b); *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011). "We have construed this to mean that an error is reversible only when it has a substantial and injurious effect or influence in determining the jury's verdict." *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008); *see Barshaw*, 342 S.W.3d at 93 (noting that an appellate court "will not overturn a criminal conviction for non-constitutional error if the appellate court . . . has fair assurance that the error did not influence the jury, or influenced the jury only slightly").

> In the case of the erroneous admission of evidence, we have said that the appellate court should consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged

error and how it might be considered in connection with other evidence in the case, the jury instructions, the State's theory and any defensive theories, closing arguments, voir dire, and whether the State emphasized the error.

*Rich v. State*, 160 S.W.3d 575, 577–78 (Tex. Crim. App. 2005).

**B.    Analysis**

Assuming, without deciding, that the trial court erred when it admitted the disputed testimony, we conclude that any error was harmless.

In this case, there was a muted video of the traffic stop introduced into evidence which showed the events following the traffic stop.  As previously noted, there was testimony from Ornelas that he witnessed Myers place a white purse in the backseat and that she was wiping a black gel-like substance off of her fingers as he approached the passenger side of the vehicle.  Garcia testified that, after he noticed the smell of marijuana emanating from the car, he found marijuana inside a container of black-colored hair gel inside a white purse in the back seat of the car.  Ornelas testified that the gel-like substance in the container appeared to be the same as the one Myers wiped off her fingers.  Myers was one of two individuals in the car, and the marijuana was in close proximity and within her reach.

Myers's defensive theory was that she did not touch the white purse, did not have any gel-like substance on her fingers, and did not know who the owner of the marijuana was.  Myers also denied the car smelled like marijuana.  As emphasized in the State's closing arguments before the jury, whether Myers was the "owner" of the marijuana or the purse were not essential to the resolution of the case; instead, the State merely needed to prove that Myers exercised care, control, and management over it.  To do this, the State relied on Myers's proximity to the marijuana and Ornelas's statements that he saw Myers place the white purse in the back seat and wipe a black gel-like substance off her

8

fingers.  Likewise, in voir dire, the State emphasized that ownership of the purse or the marijuana was not essential to the resolution of the case and questioned the jury about examples distinguishing ownership from possession.  The jury charge also did not mention ownership but instead defined "possession" as "actual care, custody, control, or management."  Finally, the State did not emphasize in any way the driver's out of court statement to Garcia that the purse belonged to Myers.

After reviewing the entire record, we conclude the admission of the complained-of statement did not have a substantial and injurious effect or influence in the jury's verdict. *Taylor*, 268 S.W.3d at 592; *Rich*, 160 S.W.3d at 577–78.  We overrule Myers's second issue.

## IV.    CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of August, 2019.